**IN THE COURT OF APPEALS OF IOWA**

No. 15-1673
Filed March 9, 2016

**IN THE INTEREST OF A.F. AND C.F.,**
**Minor Children,**

**J.J., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Scott County, Christine Dalton, District Associate Judge.

A mother appeals from the juvenile court's order terminating her parental rights. **AFFIRMED.**

Joshua T. Cobie of Brubaker, Flynn & Darland, P.C., Davenport, for appellant mother.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Kathryn K. Lang, Assistant Attorneys General, for appellee State.

Jean Capdevila, Davenport, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Vogel and Potterfield, JJ.

**POTTERFIELD, Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her two minor children, born in 2006 and 2007.[1] During the pendency of the proceedings, the mother pleaded guilty to multiple counts of child endangerment involving the children in question. She was incarcerated at the time of the termination hearing and does not anticipate being discharged until 2018. On appeal, she maintains the State failed to prove by clear and convincing evidence that the children could not be returned to her care at the time of the termination hearing. She also maintains the State failed to make reasonable efforts at reunifying the children with her and that termination of her parental rights was not in the best interests of the children.

**I. Background Facts and Proceedings.**

The children were removed from the mother's care in May 2014 after police officers found pornographic images of at least one of the children in the possession of a known sex offender. As part of the resulting investigation, the Iowa Department of Human Services learned the mother and maternal grandmother had left the children unsupervised with known sex offenders. Multiple men have since admitted sexually abusing the children.

The mother was criminally charged with aggravated child endangerment and a criminal no-contact order was entered on August 25, 2014, which prevented the mother from having contact with the children. The mother pleaded guilty to three counts of aggravated child endangerment. On July 30, 2015, she

---

[1] The father filed an untimely appeal in this matter along with a motion asking our supreme court to accept it. The supreme court denied the motion and dismissed the father's appeal.

was sentenced to three terms of incarceration not to exceed two years. The sentences were set to run consecutively, and her tentative discharge date is in April 2018. Although the mother filed a motion to dismiss or modify the no-contact order, the district court denied the motion and the no-contact order remained in place.

On September 28, 2015, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(d), (e), (f), and (i) (2015).

The mother appeals.

## II. Standard of Review.

We conduct a de novo review of termination of parental rights proceedings. *In re H.S.*, 805 N.W.2d 737, 745 (Iowa 2011). An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under section 232.116. *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010). Evidence is considered "clear and convincing" when there are no "serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *Id.*

## III. Discussion.

The mother maintains the State has not proved by clear and convincing evidence the children could not be returned to her custody at the time of the termination hearing. The juvenile court terminated the mother's parental rights pursuant to section 232.116(1)(d), (e), (f), and (i). The only statutory ground challenged by the mother appears in section 232.116(f). When a court terminates parental rights on more than one ground, we may affirm the order on

any of the grounds. *See D.W.*, 791 N.W.2d at 707. The mother's failure to challenge section 232.116(1)(d), (e), and (i) waives any claim of error related to those grounds. *See Hyler v. Garner,* 548 N.W.2d 864, 870 (Iowa 1996) ("[O]ur review is confined to those propositions relied upon by the appellant for reversal on appeal."). Therefore, we affirm the termination on statutory grounds under section 232.116(1)(d), (e), and (i).

The mother maintains the State failed to make reasonable efforts to reunify her with the children because the State "did not provide the mother with any visitation or contact with the children since August of 2014." The mother has not had contact with the children since August 2014 because of the criminal no-contact order that was entered. The reasonable efforts concept includes visitation designed to facilitate reunification while also providing adequate protection for the children. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "Visitation between a parent and child is an important ingredient to the goal of reunification." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996). However, the best interests of the child controls the nature and extent of visitation. *Id.* Additionally, "[t]he services required to be supplied an incarcerated parent, as with any other parent, are only those that are reasonable under the circumstances." *In re S.J.*, 620 N.W.2d 522, 525 (Iowa Ct. App. 2000). Here, it was reasonable—and in fact necessary—for the State to withhold visits between the children and the mother due to the no-contact order that was entered by the criminal court. Based on these circumstances, we cannot say the State failed to make reasonable efforts to reunify the mother and the children.

The mother also maintains termination of her parental rights was not in the children's best interests due to the closeness of their relationship. At the time of the termination hearing, the children had not had contact with the mother in more than a year due to the criminal no-contact order. Still, in an April 2015 report to the court, the children's guardian ad litem expressed that both children were "absolutely terrified" of their mother. According to the guardian ad litem, the older child had expressed fear of the mother appearing unexpectedly, while the younger child was "simply afraid and very verbal about it." The record does not support the mother's assertions regarding her bond with the children. Additionally, the children were reported to be thriving in the home of the foster family, and the foster family intended to adopt the children. Termination of the mother's parental rights will enable the children to achieve permanency, which is in their best interests. *See In re A.M.*, 843 N.W.2d 100, 113 (Iowa 2014) (citing *In re J.E.*, 723 N.W.2d 793, 802 (Iowa 2006) (Cady, J., concurring specially) (noting the "defining elements in a child's best interest" are the child's safety and her "need for a permanent home")).

The mother did not argue any of the exceptions or factors against termination apply in this case. Upon our de novo review, we conclude no exception or factor in section 232.116(3) applies to make termination unnecessary.

**IV. Conclusion.**

The State did not fail to make reasonable efforts to reunify the mother and the children, and termination of the mother's parental rights is in the best interests of the children. The mother challenged only one of the statutory

grounds for termination, section 232.116(1)(f) , and we affirm the termination on the statutory grounds under section 232.116(1)(d), (e), and (i).

**AFFIRMED.**