**IN THE COURT OF APPEALS OF IOWA**

No. 16-1605
Filed December 21, 2016

**IN THE INTEREST OF L.H.,**
**Minor Child,**

**J.H., Father,**
     Appellant.

_____

Appeal from the Iowa District Court for Boone County, James B. Malloy,

District Associate Judge.

A father appeals from the juvenile court's order terminating his parental

rights to his child.  **AFFIRMED.**

Matthew A. Mauk of Mauk Law Office, Ames, for appellant.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee.

Ashley M. Sparks of Sparks Law Firm, P.L.L.C., West Des Moines,

attorney and guardian ad litem for minor child.

Considered by Vogel, P.J., and Tabor and Mullins, JJ.

**MULLINS, Judge.**

A father appeals from the juvenile court's order terminating his parental rights to his child, L.H.[1]  He argues the State failed to (1) prove the statutory grounds for termination by clear and convincing evidence or (2) make reasonable efforts to reunify the father with his child.  He also contends his prior counsel rendered ineffective assistance in failing to raise the lack-of-reasonable-efforts claim prior to the termination hearing.

The juvenile court terminated the father's parental rights pursuant to Iowa Code section 232.116(1)(a), (e), and (h) (2015).[2]  We review termination-of-parental-rights proceedings de novo.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."  *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)).  Our primary consideration is the best interests of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

Iowa Code section 232.116(1)(h) provides the court may terminate parental rights if the court finds the State has proved by clear and convincing evidence the child (1) is three years old or younger; (2) has been adjudicated a child in need of assistance (CINA); (3) has been removed from the physical custody of the parent for at least six of the last twelve months, or the last six consecutive months and any trial period at home has been less than thirty days;

---

[1] The mother consented to the termination of her parental rights.  She does not appeal.
[2] The father contends the juvenile court should not have terminated his parental rights under paragraph (a), because he did not voluntarily consent to the termination, or under paragraph (e), because the State withdrew this ground at the time of the termination hearing.  The State concedes termination under paragraphs (a) and (e) was in error but seeks to affirm under paragraph (h).  Thus, we review whether the juvenile court's decision to terminate the father's parental rights was proper under paragraph (h).

and (4) cannot be returned to the custody of the parent at the time of the termination hearing.

L.H. was born in September 2013. The family came to the attention of the Iowa Department of Human Services (DHS) in January 2015, due to allegations of drug usage by the parents. L.H. was removed from the parents' home and subsequently returned to the care of the mother while the father was incarcerated. In March, L.H. tested positive for marijuana and methamphetamine. The parents left Iowa with the child without informing DHS and were later arrested in Colorado on charges of theft in June. L.H. again tested positive for methamphetamine. She was removed from the custody of her parents again and returned to Iowa for placement with her maternal grandparents. L.H. was adjudicated CINA in October. At the dispositional hearing in November, the father admitted he had used methamphetamine while caring for the child.

The father has been incarcerated since his return to Iowa in October 2015. He has a tentative release date of July 2018. He also has charges pending in Colorado. The father has seen L.H. only once since her removal in June 2015. The DHS social worker testified she attempted to set up visitation between the father and the child while he was incarcerated; however, one county jail refused to allow visits due to the father's bad behavior while incarcerated there, another county jail refused to allow face-to-face visits between inmates and children, and the prison he was transferred to did not approve L.H. for visitation. Furthermore, L.H. had been diagnosed with posttraumatic stress disorder, and her therapist did not recommend visitation between them in a prison setting. The father was

able to write letters to L.H. and eventually received a visit with her at the prison in June 2016. At that point, L.H. had been out of her father's care for over a year and did not recognize him. Upon our de novo review of the record, we find clear and convincing evidence to support the statutory grounds for termination under Iowa Code section 232.116(1)(h).

The father next argues the State failed to make reasonable efforts to reunify him with L.F. The State contends the father did not preserve error because he failed to raise the issue of visitation prior to the termination hearing. *See In re T.S.*, 868 N.W.2d 425, 442 (Iowa Ct. App. 2015). Anticipating this argument, the father also claims his first counsel rendered ineffective assistance in failing to raise his claim prior to the termination hearing. To establish an ineffective-assistance-of-counsel claim in a termination-of-parental-rights case, a parent must show deficiency in counsel's performance and actual prejudice. *See In re D.W.*, 385 N.W.2d 570, 580 (Iowa 1986).

Under section 232.102(7), the State must make reasonable efforts to reunify the family as quickly as possible after a child has been removed from his or her parents' care and custody. The reasonable-efforts requirement is not, however, viewed as a strict substantive requirement at termination. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). Instead, it impacts the State's burden of proving those elements of termination that require reasonable efforts. *Id.* In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." Iowa Code § 232.102(10)(a)(1). "[T]he nature

and extent of visitation is always controlled by the best interests of the child." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996).

The DHS social worker testified she attempted to schedule visits between the father and L.H. but was unsuccessful due to restrictions in place where the father was incarcerated. Moreover, L.H.'s therapist did not recommend visitation between them in a prison setting. On our de novo review, we agree with the juvenile court that reasonable efforts toward reunification have been made in this case. Thus, the father is unable to show counsel's performance was deficient or that he was prejudiced.

L.H. has been placed with her maternal grandparents since her removal in June 2015 and is bonded with them. Termination and adoption will provide this young child with permanency and stability. We cannot ask this child to continuously wait for her father to become a stable parent. *See In re D.W.*, 791 N.W.2d at 707; *see also In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010))). "[A]t some point, the rights and needs of the child[] rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). Termination of the father's parental rights is in the child's best interests.

**AFFIRMED.**