# IN THE COURT OF APPEALS OF IOWA

No. 17-0079
Filed April 19, 2017

**IN THE INTEREST OF K.M.,**
**Minor Child,**

**R.M., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Page County, Amy L. Zacharias, District Associate Judge.

A mother appeals from the juvenile court's order terminating her parental rights. **AFFIRMED.**

Justin R. Wyatt of Woods & Wyatt, P.L.L.C., Glenwood, for appellant mother.

Thomas J. Miller, Attorney General, and Tabitha J. Gardner, Assistant Attorney General, for appellee State.

Vicki R. Danley, Sidney, attorney and guardian ad litem for minor child.

Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

A mother appeals from the juvenile court's order terminating her parental rights to her child, K.M., born in 2011.[1]  She argues the State failed to prove the statutory grounds for termination by clear and convincing evidence and the juvenile court erred in determining reasonable efforts had been made to reunify her with her child.

The family came to the attention of the Iowa Department of Human Services (DHS) in May 2015 when the child sustained an injury near his right eye when the mother threw a water bottle at him because she was angry.  The mother reported that, a week prior to this injury, she had thrown a box at her child that left a bruise.

In January 2017, the juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2016).[2]  We review termination-of-parental-rights proceedings de novo.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."  *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)).  Our primary consideration is the best interests of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

Under section 232.116(1)(f), the court may terminate parental rights if the court finds the State has proved by clear and convincing evidence the child (1) is four years of age or older; (2) has been adjudicated a child in need of assistance

---

[1] The juvenile court also terminated the parental rights of any unknown father.
[2] The court dismissed the termination petition as to paragraph (e), concluding the State had failed to prove the mother had not maintained significant and meaningful contact with her child.

(CINA); (3) has been removed from the physical custody of the parent for at least twelve of the last eighteen months, or the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the parent's custody at the time of the termination hearing.

The mother does not dispute the State proved the first three elements required under section 232.116(1)(f): At the time of the termination hearing, the child was over the age of four, had been adjudicated CINA in July 2015, and had been removed from the mother's physical custody since May 2015 without any trial periods at home. Instead, the mother argues DHS failed to make reasonable efforts to reunify her with her child—that is, the State failed to prove the child could not be returned to her custody at the time of the termination hearing. *See In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000) ("The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent [at the time of the termination hearing].").

The State must make reasonable efforts to reunify the family as quickly as possible after a child has been removed from his or her parents' care and custody. Iowa Code § 232.102(7). In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." *Id.* § 232.102(10)(a)(1). "[T]he nature and extent of visitation is always controlled by the best interests of the child." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996).

The mother complains the required Parent Child Interactive Therapy (PCIT) program was not a good fit for her and presented an unreasonable barrier

to reunification. She also claims she was never given the opportunity to prove she could parent her child safely.

The juvenile court found the child could not be returned to the mother's care at the time of the termination hearing in December 2016 because the mother had not progressed past weekly four-hour semi-supervised visits, had not completed the first phase of PCIT—which focused on enhancing a positive relationship between her and her child—despite participating in the program for over twenty sessions, and had not been able to repair her relationship with her child. The court noted that, although the mother had made some progress and had been engaged in services, she did not internalize or implement the parenting skills she had been learning since the case had begun over eighteen months before.

At the termination hearing, the DHS worker testified the reason the mother had not progressed to unsupervised visits or to visits for longer than four hours was because she was unable to parent her child independently for longer periods of time. The worker also testified the mother often needed prompting to engage with her child, was unable to meet the child's emotional needs and show him affection, appeared content with their limited visits, and did not take advantage of all of her opportunities to contact him. The worker further testified the mother continued to struggle with anger-management issues and dealing with typical child behaviors. She was unable to implement the skills she learned in parenting classes and did not recognize safety concerns. She was unemployed throughout the vast majority of the case and was unable to financially provide for her child. She also did not have reliable transportation or stable housing. Upon our de

novo review of the record, we find the State proved the statutory grounds for termination by clear and convincing evidence.

Further, the record shows the mother was offered and participated in numerous services, including PCIT; Family Safety, Risk, and Permanency services; mental-health evaluations; individual therapy; parenting classes; parent partner; integrated home health services; and vocational rehabilitation. At the review hearing in December 2015, the mother requested in-home services, which DHS provided. We agree with the juvenile court that reasonable efforts were provided in this case.

We must now view this case with a sense of urgency. *See In re C.B.*, 611 N.W.2d at 495; *see also In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) ("It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010))). "[A]t some point, the rights and needs of the child[] rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009). This child needs and deserves permanency and stability. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010); *In re C.K.,* 558 N.W.2d 170, 175 (Iowa 1997) ("It is simply not in the best interests of children to continue to keep them in temporary foster homes while the natural parents get their lives together."). He has been placed with a foster family who wishes to adopt him. Termination is in this child's best interests.

Accordingly, we affirm the juvenile court's order terminating the mother's parental rights pursuant to Iowa Code section 232.116(1)(f).

**AFFIRMED.**