**IN THE COURT OF APPEALS OF IOWA**

No. 17-1937
Filed February 21, 2018

**IN THE INTEREST OF J.W., E.W., and T.W.,**
**Minor Children,**

**C.W., Mother,**
　　　Appellant.
_____

　　　Appeal from the Iowa District Court for Montgomery County, Amy L. Zacharias, District Associate Judge.


　　　A mother appeals from an order terminating her parental rights pursuant to Iowa Code chapter 232 (2017).  **AFFIRMED.**


　　　Justin R. Wyatt of Woods & Wyatt, PLLC, Glenwood, for appellant mother.

　　　Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

　　　Karen L. Mailander of Mailander Law Office, Anita, guardian ad litem for minor children.


　　　Considered by Doyle, P.J., and Tabor and McDonald, JJ.

**MCDONALD, Judge.**

Carley appeals from an order terminating her parental right in her three children, J.W., E.W., and T.W. The juvenile court terminated Carley's parental rights pursuant to Iowa Code section 232.116(1)(e), (f), and (h) (2017). On appeal, Carley challenges the sufficiency of the evidence supporting the statutory grounds authorizing the termination of her parental rights, contends the termination of her parental rights is not in the best interest of the children, and contends the department of human services failed to make reasonable efforts to facilitate reunification of the family.

This court reviews termination proceedings de novo. *See In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). The statutory framework authorizing the termination of a parent-child relationship is well established and need not be repeated herein. *See In re P.L.*, 778 N.W.2d 33, 39 (Iowa 2010) (setting forth the statutory framework). Where, as here, the juvenile court terminates parental rights on more than one ground, we may affirm the termination order on any of the grounds supported by sufficient evidence. *See In re D.W.*, 791 N.W.2d 703, 707 (Iowa 2010).

We choose to address the sufficiency of the evidence supporting the grounds for termination set forth in Iowa Code section 232.116(1)(f) and (h). Carley challenges only the fourth element of each ground, both of which required the State to prove the children could not be returned to Carley's care at the time of the termination hearing. *See* Iowa Code § 232.116(1)(f)(4), (h)(4). We have interpreted these provisions to require "clear and convincing evidence the children would be exposed to an appreciable risk of adjudicatory harm if returned to the

parent's custody at the time of the termination hearing." *In re E.H.*, No. 17-0615, 2017 WL 2684420, at *1 (Iowa Ct. App. June 21, 2017).

On de novo review, we conclude there is clear and convincing evidence establishing the children could not be returned to Carley's care at the time of the termination hearing without being exposed to an appreciable risk of adjudicatory harm. The children came to the attention of the department of human services in April 2016 after J.W. tested positive at birth for the presence of marijuana. The children were removed from the mother's care later in 2016 after she tested positive for methamphetamine. Since the time of removal, the mother unsuccessfully attempted substance-abuse treatment on six separate occasions. Typically, she lasted barely more than a few days in any program. She left an inpatient program less than one week prior to the termination hearing and used methamphetamine a few days prior to the termination hearing. In short, Carley's untreated substance abuse has caused physical harm to her children, precludes her from being able to provide adequate care for her children, and creates an appreciable risk of harm to her children. *See, e.g., In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012) (noting drug addiction can render a parent unable to care for children); *In re L.S.*, No. 17-1824, 2018 WL 540968, at *1 (Iowa Ct. App. Jan. 24, 2018) (providing untreated substance abuse can create a risk of harm to the children); *In re R.P.*, No. 16-1154, 2016 WL 4544426, at *2 (Iowa Ct. App. Aug. 31, 2016) (affirming termination of parental rights of parent with history of drug abuse); *In re H.L.*, No. 14-0708, 2014 WL 3513262, at *3 (Iowa Ct. App. July 16, 2014) (affirming termination of parental rights when parent had history of substance abuse).

Related to or caused by her untreated methamphetamine abuse, Carley is not able to meet the basic needs of her children. At the time of the termination hearing, she lacked employment and housing, both of which have been persistent issues throughout these proceedings. *See, e.g., In re J.C.*, No. 17-0750, 2017 WL 3283395, at *3 (Iowa Ct. App. Aug. 2, 2017) (affirming termination of parental rights where mother was unemployed and essentially homeless); *In re M.T.*, No. 03-1417, 2003 WL 22346539, at *2 (Iowa Ct. App. Oct. 15, 2003) (considering mother's inability to find employment or stable housing when determining children could not be returned to her care); *In re K.H.*, No. 03-0671, 2003 WL 21459582, at *2 (Iowa Ct. App. June 25, 2003) (concluding the children would be at a continued risk for harm when the father did not have stable employment or housing); *In re B.T.*, No. 01-0920, 2002 WL 985533, at *1 (Iowa Ct. App. May 15, 2002) (noting mother only secured stable housing shortly before termination hearing and only had a job for three months prior).

We conclude the termination of Carley's parental rights is in the best interest of the children. The primary concern in a termination proceeding is the best interest of the child. *See In re D.S.*, 806 N.W.2d 458, 465 (Iowa Ct. App. 2011). As a general rule, "'the needs of a child are promoted by termination of parental rights' if the grounds for termination of parental rights exist." *In re L.M.F.*, 490 N.W.2d 66, 68 (Iowa Ct. App. 1992) (citation omitted). When considering best interest, we assess how "the parent's ability to provide [for] the needs of the child is affected by the parent's mental capacity or mental condition." *In re D.W.*, 791 N.W.2d at 708. We also look to the parent's past performance to gauge her future ability to meet the child's long- and short-term needs. *In re A.B.*, 815 N.W.2d at

778. Here, the evidence shows the termination of Carley's parental rights is for the better. There is no evidence to the contrary.

Carley contends the department of human services failed to make reasonable efforts to return the children to her care. *See* Iowa Code § 232.102(9) (providing department of human services must make "every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). The reasonable-efforts standard requires the department to "facilitate reunification while protecting the child from the harm responsible for the removal." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996).

The argument is not preserved for appellate review. Carley never objected to the services provided and never requested different or additional services than those provided. *See In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002) ("If . . . a parent is not satisfied with DHS' response to a request for other services, the parent must come to the court and present this challenge.").

Independently, we conclude the department made reasonable efforts under the circumstances. This is not a case in which the department failed to make reasonable efforts. Instead, this is a case where the mother failed to avail herself of the services offered to her. The evidence shows the mother frequently lost contact with the department unless she was in a substance-abuse-treatment facility. She made little to no effort to resume care of her children. *See, e.g., In re A.E.*, No. 16-0510, 2016 WL 3271887, at *2 (Iowa Ct. App. June 15, 2016) (concluding the department made reasonable efforts where the mother admitted a lack of contact for a long period of time due to the mother's conduct); *In re B.G.*, No. 15-0732, 2015 WL 5996936, at *4 (Iowa Ct. App. Oct. 14, 2015) (holding the

State established reasonable efforts where services were provided but the mother did not avail herself of the services); *In re B.B.*, No. 12-0807, 2012 WL 2408714, at *3 (Iowa Ct. App. June 27, 2012) ("Considering the number and variety of services offered or provided, the delays in or failure of services attributable to the mother, the age of the child, and the length of time the child has been removed from the mother's care, we find the State made reasonable efforts to reunite the mother with her daughter.").

We affirm the juvenile court order terminating the mother's parental rights.

**AFFIRMED.**