## IN THE COURT OF APPEALS OF IOWA

No. 18-0017
Filed March 7, 2018

**IN THE INTEREST OF R.S., N.H., and J.F.,
Minor Children,**

**K.B., Mother,**
         Appellant.
_____

Appeal from the Iowa District Court for Polk County, Joseph W. Seidlin,
District Associate Judge.

A mother appeals the termination of her parental rights.  **AFFIRMED.**

Jessica Maffitt of Benzoni Law Office, P.L.C., Des Moines, for appellant
mother.

Thomas J. Miller, Attorney General, and Ana Dixit, Assistant Attorney
General, for appellee State.

Charles S. Fuson of Youth Law Center, Des Moines, guardian ad litem for
minor children.

Considered by Vogel, P.J., and Potterfield and Mullins, JJ.

**VOGEL, Presiding Judge.**

A mother appeals the district court's termination of her parental rights to three of her children. She contends the State failed to make reasonable efforts for reunification and thereby failed to prove by clear and convincing evidence her rights should be terminated pursuant to Iowa Code section 232.116(1)(f) (2017). Additionally, the mother asserts termination is not in the children's best interests and the bond she has with the children should preclude termination. We agree with the district court that reasonable efforts were made to reunite the children with the mother. Because of the mother's inability to safely care for the children, in large part because of her use of illegal substances, termination is appropriate under paragraph (f) and is in the children's best interests. Therefore, we affirm the order of the district court.

## I. Background Facts and Proceedings

The mother has five children: R.S., born in 2008; N.H., born in 2009; J.F., born in 2012; K.H.-A., born in 2015; and T.H.-A., born in 2016.[1] The family came to the attention of the Iowa Department of Human Services (DHS) in January 2016 after T.H.-A. was born and tested positive for THC. The mother admitted to smoking marijuana while pregnant with T.H.-A. but did not think it would harm the baby, as she admitted to smoking marijuana while pregnant with her other children. Because the mother was on probation at the time and in violation of her probation agreement, she was arrested.

---

[1] The district court declined to terminate the mother's parental rights to T.H.-A. and K.H.-A. because their father's parental rights were not terminated at this time. The parental rights of the fathers of R.S., N.H., and J.F. were terminated, but they do not appeal.

The children were removed on January 29, 2016, and placed with relatives. On March 11, 2016, the children were adjudicated in need of assistance (CINA) under Iowa Code section 232.2(6)(c)(2) and 232.2(6)(n). The DHS provided services including, substance-abuse evaluations, mental-health evaluations, parenting classes, relative placement, therapy referrals, transportation assistance, flex funding, and housing resources. From March until December 2016, the mother complied with services and progressed to semi-supervised visitation with R.S., N.H., and J.F. On December 23, 2016, the children were returned to the mother's custody.

However, on January 13, 2017, the children were removed from the mother's custody after she provided a drug screen that tested positive for cocaine and marijuana. After this removal, the mother found it more difficult to engage with the children and with offered services. On March 1, the mother submitted to a hair stat test that was positive for cocaine and a urine sample that tested positive for marijuana. Nevertheless, at the permanency hearing, the mother was given an additional six months—made retroactive from January 17, 2017—to work towards reunification. Despite this extension, the mother continued to miss scheduled visitation and failed to submit to random drug screening. When she finally did submit to drug testing—on March 24—she again tested positive for cocaine. She also failed to cooperate with drug screens requested on July 12 and August 29.

A termination of parental rights hearing was held on November 9 and 14, 2017. The district court terminated the mother's parental rights to R.S., N.H., and J.F. under Iowa Code section 232.116(1)(f). The mother appeals.

**II. Standard of Review**

We review termination proceedings de novo. *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014). Weight is given to the juvenile court's factual findings, especially when considering the credibility of witnesses, but we are not bound by those findings. *Id.* Our primary consideration is the best interests of the children. *In re A.B.*, 815 N.W.2d 764, 776 (Iowa 2012). The grounds for termination must be proved by clear and convincing evidence. *Id.* at 774.

## III. Grounds for Termination and Reasonable Efforts

The mother contends the district court erred in finding clear and convincing evidence supported termination under Iowa Code section 232.116(1)(f). Under section 232.116(1)(f), the court may terminate the rights of a parent to a child if the State proved all of the following by clear and convincing evidence:

> (1) The child is four years of age or older.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
> (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
> (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

Iowa Code § 232.116(1)(f). The district court concluded there was clear and convincing evidence the children could not be returned to the mother's care at the time of the termination hearing because, in addition to being homeless and unemployed, she had not,

> resolved the issues and parental shortcomings that were present when these children were first removed twenty-two months ago. [The mother] has not resolved her dependence on substances. She has not addressed her significant history of trauma and mental health concerns that she acknowledges affect her ability to remain sober. She has not maintained stable housing.

The mother argues these facts are faulty in large part because the DHS did not make reasonable efforts for reunification with her children by failing to provide her appropriate visitation or offering her more drug screens to prove her claimed sobriety.

After removal, the State must make reasonable efforts to reunify the family as quickly as possible. Iowa Code § 232.102(7). In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." *Id.* § 232.102(10)(a)(1). The mother had one scheduled visit per week with her children and, despite her contention that she was consistent, the record reflects the mother's interest in engaging with her children declined after their second removal from her care in January 2017. She missed multiple visits, including two scheduled visits in August 2017 and two in September 2017. A DHS caseworker reported the mother "appears overwhelmed" in caring for all the children and had lost the initial progress she had made in working towards reunification. The children were also observed to struggle or be distressed during and after visits with the mother. Further, the mother missed appointments for R.H., who struggles with mental and physical disabilities, did not inquire about her wellbeing after the appointments took place, and did not check into N.H.'s or J.F.'s status at school or with their therapists. The mother's mere request for additional visitation rings hollow when she did not take advantage of the visitation offered to her. *See In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996) (noting visitation cannot be considered in a vacuum, but as an element in a comprehensive,

interdependent approach to reunification which includes a parent responding to services offered).

Moreover, the evidence contradicts the mother's claim that she was not given the opportunity to demonstrate her sobriety. In July and August 2017, the mother failed to provide a drug screen as requested by the DHS. In September 2017, the mother refused to cooperate when asked to wear a drug testing patch. At a later date, when she offered to provide a urine sample, the DHS would not agree. A DHS worker testified that drug screens were not performed when requested because a planned screening would defeat the purpose of a random test, a more reliable indicator of sobriety. The record is replete with evidence the DHS provided the mother with multiple opportunities to demonstrate her sobriety, yet she failed time and again over the course of the juvenile proceedings.

Because the DHS offered and provided the mother with appropriate visitation and random drug screens, we agree with the district court the State made reasonable efforts to reunify the mother and children. Therefore, we find the district court's factual findings are supported by the record and there is clear and convincing evidence the children could not be returned to the mother at the time of the termination hearing.

## IV. Best Interests

Finally, the mother asserts the State did not prove by clear and convincing evidence termination of her parental rights was in the children's best interests. *See In re P.L.*, 778 N.W.2d 33, 40–41 (Iowa 2010). In making a best-interests determination, we "give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the

physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). The district court concluded returning the children to the mother would subject them to "great instability and uncertainty." In the last twenty-two months, the children have only spent approximately three weeks in their mother's care. Since the children were removed, they have improved their school attendance and have developed academically, physically, and cognitively. In contrast, when the children were in the mother's care, they suffered for lack of proper supervision and care. The record reveals the children continued to struggle during and after visits with the mother.

Furthermore, in determining the future actions of the parent, the mother's past conduct is instructive. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006). While the mother argues she has had consistent visits for six weeks leading up to the termination hearing, the record reflects she missed multiple visits in August and September prior to the termination hearing and had difficulty engaging with the children during other visits. Also, the mother acknowledges that stress is one of her triggers for relapsing into substance abuse. The mother was given nearly two years, and a variety of services, including a six-month extension and having her children returned to her care, yet she has not progressed to the point the children could be returned to her care full-time. The record reflects a pattern of improvement in her visitation attendance or substance-abuse treatment followed by a relapse into drug usage. Coupled with her being in jail three times during the pendency of the juvenile proceedings, the mother was unable to maintain stable housing or employment. The children should not have to wait for the structure, consistency, and permanency they deserve. *See In re D.J.R.*, 454 N.W.2d 838,

845 (Iowa 1990). Therefore, there is clear and convincing evidence termination is in the children's best interests.

Moreover, the court also considered the children's bond with the mother and their other siblings. *See* Iowa Code § 232.116(3)(c). These provisions are permissive and not mandatory. *See P.L.*, 778 N.W.2d at 39. Although the children are in separate placements from their other siblings, the record reflects the children do have the opportunity to see each. The court concluded that any bond between the mother and the children has faded after approximately two years out of her care. The children's current bond is to their current custodians rather than the mother. The mother cannot provide for the children's basic needs and she cannot keep them safe; they are improving physically and academically in their current placements, and thus, there is no evidence any bond the children may have with their mother should preclude termination of the mother's parental rights.

## V. Conclusion

Because the children could not be returned to the mother at the time of the termination hearing, clear and convincing evidence supported termination under the Iowa Code. Also, termination is in the children's best interests because their wellbeing has greatly improved outside of her care and the mother's past actions are indicative of the potential for future relapse. Finally, the record reflects the bond between the mother and the children should not preclude termination.

**AFFIRMED.**