# IN THE COURT OF APPEALS OF IOWA

No. 18-2226
Filed February 20, 2019

**IN THE INTEREST OF C.W.,**
**Minor Child,**

**D.W., Father,**
    Appellant.
_____

Appeal from the Iowa District Court for Floyd County, Karen Kaufman Salic, District Associate Judge.

A father appeals the termination of his parental rights to a child. **AFFIRMED.**

William P. Baresel of Prichard Law Office, PC, Charles City, for appellant father.

Thomas J. Miller, Attorney General, and Meredith Lamberti, Assistant Attorney General, for appellee State.

Cynthia Schuknecht of Noah, Smith, Schuknecht & Sloter, P.L.C., Charles City, guardian ad litem for minor child.

Considered by Vogel, C.J., and Vaitheswaran and Mullins, JJ.

**VAITHESWARAN, Judge.**

A father appeals the termination of his parental rights to a child, born in 2006.[1] He contends the department of human services failed to make reasonable efforts towards reunification.

The district court terminated the father's parental rights pursuant to three statutory provisions. *See* Iowa Code § 232.116(1)(d), (e), (f) (2018). All three implicate the reasonable-efforts requirement, but we will focus on section 232.116(1)(f). *See In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012) ("When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record.").

Section 232.116(1)(f) requires proof of several elements, including proof the child cannot be returned to the parent's custody. "The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re L.M.*, 904 N.W.2d 835, 839 (Iowa 2017) (quoting *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000)). "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *Id.* (quoting *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996)).

Our de novo review of the record reveals the following facts. The department became involved with the child after receiving information that the father sexually abused him. Following an investigation, the department issued a

---

[1] Custody of the child was placed with the mother. She is not involved in the appeal.

founded child-abuse report naming the father as the perpetrator. The child was subsequently adjudicated in need of assistance.

At the time of adjudication, the district court ordered the father "to submit to a psycho-social evaluation and follow all treatment recommendations." A department employee made arrangements for the evaluation, allowing the father to choose between two dates. The father responded that he was unsure whether he could get off work. The caseworker advised him to find out as soon as possible. Four months later, the father had yet to provide the department with a response.

The district court ordered the department to reschedule the evaluation "once Father initiates contact with the [d]epartment." Five months later, the department caseworker reported that she rescheduled the evaluation several times and the father was a "no show." She confirmed the father did "not participate[] in services."

The district court again ordered the father to submit to an evaluation. The father appeared for the first of a two-part session approximately one year after he was first ordered to do so.

The department received a psycho-sexual evaluation report two months before the termination-of-parental-rights hearing. The evaluator opined that the father was "a risk to children in general." He suggested "[t]he best way to move forward . . . is to ask [the father] to complete a polygraph (lie detector test)." The evaluator also recommended that the father engage in individual counseling and visits between father and child "continue to be fully supervised."

The department caseworker immediately contacted the father and arranged for six counseling sessions. She also advised the father to contact the child's therapist to arrange supervised visits.

The father reached out to the counselor a month before the termination hearing. The counselor informed him she did not supervise visits, and she expressed an unwillingness to engage in family therapy sessions until the father actively participated in several individual therapy sessions.

Given the father's belated interest in pursuing reunification services, the department employee opined that the father was "merely going through the motions." At the termination hearing, the department employee reiterated that the father "just simply does not have any interest in taking any accountability for what we're involved for."

On our de novo review, we conclude the department satisfied its reasonable-efforts mandate. We affirm the termination of the father's parental rights pursuant to Iowa Code section 232.116(1)(f).

**AFFIRMED.**