# IN THE COURT OF APPEALS OF IOWA

No. 19-0045
Filed March 6, 2019

IN THE INTEREST OF J.F.,
Minor Child,

K.F., Mother,
        Appellant.
_____


        Appeal from the Iowa District Court for Humboldt County, Angela L. Doyle,

Judge.


        A mother appeals the juvenile court decision terminating her parental rights.

**AFFIRMED.**


        Ashley M. Emick of Arends, Lee, Emick & Legvold, Humboldt, for appellant

mother.

        Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

        Sarah J. Livingston of Thatcher, Tofilon & Livingston, P.L.C., Fort Dodge,

guardian ad litem for minor child.


        Considered by Potterfield, P.J., and Tabor and Bower, JJ.

**BOWER, Judge.**

A mother appeals the juvenile court decision terminating her parental rights. We find the termination of the mother's parental rights is supported by clear and convincing evidence, no exception to termination should be applied, it would not be in the child's best interests to give the mother additional time, and the State did not fail to engage in reasonable efforts. We affirm the decision of the juvenile court.

## I. Background Facts & Proceedings

K.F., mother, and J.K., father, are the parents of J.F., born in 2014. The child was removed from the parents' care on February 17, 2016, when police officers responded to a call of a disturbance and found cocaine, scales, and a business ledger in the child's diaper bag. In addition, the mother had methamphetamine on her person. A hair test of the child was positive for methamphetamine and marijuana. The child was placed in the care of his maternal grandfather.

The child was adjudicated in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) (2016). The mother started a substance-abuse treatment program in July 2016. The child joined her at the treatment program on August 22. She returned the child to the care of the maternal grandfather on October 5, and left the program without completing treatment. Shortly thereafter, she attempted to overdose on her medications.

On February 10, 2017, based on the father's progress with services, the court determined the case should be extended for six months. In June, the child was placed with the father. In August, the court continued the case further while the father participated in services. The child was removed from the father's care

on October 9 due to the father's drug use. The child was again placed with the maternal grandfather. Throughout this time, the mother did not participate in services and was sporadic in attending visitation with the child. Furthermore, she did not have stable housing.

On July 9, 2018, the State filed a petition seeking to terminate the parents' rights. The mother filed a motion stating she was starting a new substance-abuse treatment program and asking to have the case continued for an additional six months. She was unsuccessfully discharged from treatment on October 17. At the termination hearing, held on October 26, the mother testified she used methamphetamine that morning. She also stated she was participating in an intensive outpatient treatment program. The mother testified the child could not be returned to her care at that time.

The juvenile court terminated the mother's parental rights under section 232.116(1)(b), (e), and (f) (2018).[1] The court found termination is in the child's best interests. The court denied the request to extend the case for an additional six months, holding, "The Court is unable to find that the need for removal of the child will no longer exist at the end of an additional six-month period." Finally, the court declined to apply the exceptions found in section 232.116(3). The mother appeals the termination of her parental rights.

## II.    Standard of Review

Our review of termination-of-parental-rights cases is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "There must be clear and convincing evidence

---

[1]   The court also terminated the father's parental rights. He has not appealed.

of the grounds for termination of parental rights." *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). Where there is clear and convincing evidence, there are "no serious or substantial doubts as to the correctness or conclusions of law drawn from the evidence." *In re D.W.*, 791 N.W.2d 703, 706 (Iowa 2010) (citation omitted). The paramount concern in termination proceedings is the best interest of the child. *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

### III. Sufficiency of the Evidence

The mother challenges the sufficiency of the evidence to support termination of her parental rights under section 232.116(1)(b) and (e). The mother's parental rights were also terminated under section 232.116(1)(f), which she does not challenge on appeal. "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *In re T.S.*, 868 N.W.2d 425, 435 (Iowa Ct. App. 2015). The evidence shows the child is four years old, there was a CINA adjudication, the child was removed from the parents' care for at least twelve of the last eighteen months, and the child could not be safely returned to the mother's care. *See* Iowa Code § 232.116(1)(f). We affirm the termination of the mother's rights pursuant to section 232.116(1)(f).

### IV. Exceptions

The mother claims the juvenile court should have decided not to terminate her parental rights because a relative has custody of the child, under section 232.116(3)(a), or because termination would be detrimental to the child based on the closeness of the parent-child relationship, under section 232.116(3)(c). "[O]nce the State has proven a ground for termination, the parent resisting

termination bears the burden to establish an exception to termination under Iowa Code section 232.116(3) . . . ." *In re A.S.*, 906 N.W.2d 467, 476 (Iowa 2018). The factors in section 232.116(3) "are permissive, not mandatory." *Id.* at 475.

The juvenile court considered the exceptions in section 232.116(3) and declined to apply them. The court found it would be in the child's best interests to terminate the mother's parental rights. The court noted the maternal grandfather indicated he intended to adopt the child. The court also found, "The child is not bonded to either parent." Based on the circumstances presented here, we find the juvenile court properly decided to not apply the exceptions found in section 232.116(3)(a) or (c).

## V.      Additional Time

The mother claims the juvenile court should have granted her an additional six months to work on reunification with the child. She states she had recently taken steps to address her mental-health problems and was willing to start a new inpatient substance abuse program.

The child was initially removed from the mother's care in February 2016, two and one-half years before the termination hearing in October 2018. The mother had a long period of time to work on addressing her mental-health and substance-abuse problems. The juvenile court found:

> The child should not be forced to wait an additional six months for his parents to demonstrate that they can provide a safe, stable and sober home for him. The child has been removed for over twelve months. Additional time would not prove beneficial. There is nothing in the extended history of this case that allows the Court to conclude that there is a reasonable likelihood that real change will occur that will eliminate the need for removal over the next six months. The Court concludes that allowing the parents an additional six months will not result in reunification.

We agree with the juvenile court's decision and find the mother should not be granted additional time to work on reunification.

###### VI.    Reasonable Efforts

The mother claims the State did not engage in reasonable efforts to reunite her with the child.  She states she would have benefitted from additional or alternative services to better meet her needs.  She claims the Iowa Department of Human Services (DHS) should have done more to accommodate her level of cognitive functioning and mental health.

"While the State has an obligation to provide reasonable services to preserve the family unit, it is the parent's responsibility 'to demand other, different, or additional services *prior* to the termination hearing.'"  *T.S.*, 868 N.W.2d at 442 (citation omitted).  "[I]t is the parent's responsibility to demand services if they are not offered prior to the termination hearing."  *In re H.L.B.R.*, 567 N.W.2d 675, 679 (Iowa Ct. App. 1997).  "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal."  *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996).

The evidence does not show the mother requested additional or alternative services other than a request for more visitation.  A DHS worker testified the mother was expected to attend a substance-abuse treatment program for at least two weeks before her visitation would be increased, but she never met this condition after she left treatment in October 2016.  The mother used methamphetamine on the morning of the termination hearing and clearly had not

reached a level of sobriety where increased visitation would be beneficial for the child. We have stated,

> Moreover, no evidence indicated increased visitation would help [the mother] respond to the various services offered by the DHS and assist her in becoming a better parent. We conclude the visitation arrangement put in place in this case did not cause the department to fall short of its obligation to provide reasonable efforts to reunite parent and child.

*Id.* We conclude the State did not fail to engage in reasonable efforts in this case.

We affirm the termination of the mother's parental rights.

**AFFIRMED.**