# IN THE COURT OF APPEALS OF IOWA

No. 19-2094
Filed March 18, 2020

**IN THE INTEREST OF A.E., A.E., A.E., and A.E.,**
**Minor Children,**

**A.Y., Mother,**
    Appellant.

_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, District Associate Judge.

A mother appeals the juvenile court order terminating her parental rights.

**AFFIRMED.**

Roberta J. Megel of State Public Defender Office, Council Bluffs, for appellant mother.

Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant Attorney General, for appellee State.

Marti Nerenstone, Council Bluffs, attorney and guardian ad litem for minor children.

Considered by Bower, C.J., Greer, J., and Danilson, S.J.*

*Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2020).

**DANILSON, Senior Judge.**

A mother appeals the juvenile court order terminating her parental rights. We find there is clear and convincing evidence in the record to support termination of the mother's parental rights. We find the State engaged in reasonable efforts to reunite the mother with the children and termination is in the children's best interests. We affirm the decision of the juvenile court.

## I.     Background Facts & Proceedings

A.Y., mother, and G.E., father,[1] are the parents of A.E., born in 2018, and triplets, A.E., A.E., and A.E., born in 2019. On April 26, 2018, there was an incident of domestic violence between the parents where G.E. broke the mother's jaw. The oldest child was present during this incident. A no-contact order was entered and social workers developed a safety plan with the mother. Despite this, social workers found G.E. in the mother's home on May 14. In June, the mother requested the no-contact order be dropped because she wanted to continue her relationship with G.E. The oldest child was removed from the parents' care on June 21 and placed in the care of the maternal grandmother. The child was adjudicated to be in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(b) and (c)(2) (2018).

The parents continued to have contact; on August 25, G.E. was arrested for violating the no-contact order. The mother informed a social worker she did not intend to comply with the no-contact order. G.E. was present for the birth of the triplets in April 2019. The triplets were removed from the parents' care and placed

---

[1] G.E. is the putative father of the children, as he never participated in paternity testing. G.E. does not appeal the termination of his rights to the children.

in the care of the maternal grandmother, where the oldest child was living. A CINA adjudication for the triplets was entered on May 24, citing section 232.2(6)(b), (c)(2), and (n) (2019).

G.E. told social workers he was moving to Missouri. The mother was absent from April to August 2019, and it was believed she was traveling with G.E. She did not participate in services or in visitation with the children during this time. The mother returned to Iowa in August at about the same time as G.E. The mother was offered two visits per week but attended just three visits with the children in August. She had seven visits in September. The mother stated that parenting all four children was more difficult than she anticipated it would be.

On October 16, the State filed a petition seeking termination of the parents' rights. From September 30 to the termination hearing held on November 22, the mother only had three more visits. The mother testified her current housing situation was not suitable for the children but stated if the children were returned to her care she would obtain appropriate, stable housing. The mother stated she did not complete a program for anger management and did not take classes to address domestic violence. She stated she completed substance-abuse and mental-health evaluations but did not provide any documentation to support her claims.

The juvenile court terminated the mother's parental rights under section 232.116(1)(b), (e), (h), and (*l*) (2019). The court found termination was in the children's best interests. The court stated:

> The parents have had over a year and a half to establish themselves as trustworthy, stable, and capable of caring for their children. They have failed to do so, despite the repeated offer and receipt of many

services. There is no reason to keep these children from having a secure, adoptive relationship with parents who meet these minimum requirements.

The court also stated, "Reasonable, but unsuccessful, efforts were made to reunify the children with their parents. The children cannot be returned to either parent as of today's hearing nor in the foreseeable future." The mother appeals the order terminating her parental rights.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). "'Clear and convincing evidence' means there are no serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence." *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

## III.    Sufficiency of the Evidence

The mother claims there is not sufficient evidence to support termination of her parental rights on any of the grounds relied upon by the juvenile court. "When the juvenile court terminates parental rights on more than one statutory ground, we may affirm the juvenile court's order on any ground we find supported by the record." *A.B.*, 815 N.W.2d at 774. We will focus on the termination of the mother's rights under section 232.116(1)(h).

The juvenile court may terminate a parent's rights under section 232.116(1)(h) under the following circumstances:

> (1) The child is three years of age or younger.
> (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

(3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

(4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

The mother contends the fourth element was not proven by clear and convincing evidence. She states the children could be safely returned to her care.

At the termination hearing, the mother testified she was living with a friend and "it is not a place where I would want to take my kids." She stated it was not an appropriate place for her children. The mother stated if the children were returned to her care she would obtain better housing. At the time of the hearing, however, the mother did not have adequate housing where the children could be safely returned to her care. *See In re M.W.*, 876 N.W.2d 212, 224 (Iowa 2016) (noting we consider whether the children could be returned to the parent's care at the time of the termination hearing). Additionally, the mother had not addressed the issues that led to the removal of the children. She had not completed a program for anger management and did not take classes to address domestic violence. The mother did not provide any documentation to support her claims she completed substance-abuse and mental-health evaluations.

## IV.    Reasonable Efforts

The mother claims the State did not engage in reasonable efforts to reunite her with the children. She asserts she unsuccessfully asked for more visitation. She states she participated in visitation to the best of her ability and should have been given more visitation time.

"The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re L.M.,* 904 N.W.2d 835, 839 (Iowa 2017); *accord* Iowa Code § 232.102(9). "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *In re M.B.,* 553 N.W.2d 343, 345 (Iowa Ct. App. 1996). "[W]hat constitutes reasonable services varies based upon the requirements of each individual case." *In re C.H.,* 652 N.W.2d 144, 147 (Iowa 2002).

We determine the amount of visitation offered to the mother was reasonable based on the circumstances of the case. The mother left for about four months shortly after the birth of the triplets and had no contact with the children during that time. When she returned she was inconsistent in attending visitation. It would not make sense to increase the mother's visitation when she was not attending all of the visitation offered to her. The mother has not shown the State failed to make reasonable efforts to reunite her with the children.

We affirm the juvenile court decision terminating the mother's rights under section 232.116(1)(h).

## V.     Best Interests

The mother asserts it is not in the children's best interests to terminate her parental rights. "When we consider whether parental rights should be terminated, we 'shall give primary consideration to the child's safety, to the best placement for furthering the long-term nurturing and growth of the child, and to the physical, mental, and emotional condition and needs of the child.'" *M.W.*, 876 N.W.2d at 224 (quoting Iowa Code § 232.116(2)).

This is a sad case. It began with the mother being assaulted and her jaw broken. Her life then spiraled out of control. She has faced a myriad of difficulties. Over the course of these proceedings, she faced employment difficulties, a lack of a stable residence, transportation issues, a lack of a working phone, and depression. Unfortunately, there is no pause button for these young children to wait for the parent to overcome their personal difficulties preventing them from providing a safe, stable, and nurturing home on a full-time basis. Although the mother has made some modest progress, most of her difficulties continue.

"It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010).

Throughout a significant portion of the juvenile court proceedings the mother placed her relationship with G.E. above the needs of the children. Within the same month the triplets were born, when they needed assistance the most, the mother left for four months. The mother did not provide for their medical care or provide the nurturing they needed to thrive. The children's maternal grandmother stepped in to provide the round-the-clock care necessary for three infants. The mother has not demonstrated she can provide for the long-term nurturing and growth of the children. We conclude termination of her parental rights is in the children's best interests.

We affirm the juvenile court decision terminating the mother's rights.

**AFFIRMED.**