# IN THE COURT OF APPEALS OF IOWA

No. 20-0204
Filed August 19, 2020

**IN THE INTEREST OF T.B. and K.B.,**
**Minor Children,**

**B.B., Mother,**
        Appellant.

_____

Appeal from the Iowa District Court for Monroe County, William Owens, Associate Juvenile Judge.

A mother appeals the juvenile court order terminating her parental rights to her children. **AFFIRMED.**

Jonathan Willier, Centerville, for appellant mother.

Thomas J. Miller, Attorney General, and Meredith L. Lamberti, Assistant Attorney General, for appellee State.

Kevin Maughan of Maughan Law Office, Albia, attorney and guardian ad litem for minor children.

Considered by Vaitheswaran, P.J., and Tabor and Schumacher, JJ.

**SCHUMACHER, Judge.**

A mother appeals the juvenile court order terminating her parental rights to her children. The mother does not challenge the statutory ground relied on by the juvenile court, and, consequently, we affirm the statutory ground for termination. We reject the mother's argument concerning reasonable efforts and find that the children's best interests require termination of the mother's parental rights.

**Facts and Prior Proceedings**

T.B., born in 2012, and K.B., born in 2014, were removed from parental custody on November 1, 2018, after T.B. reported in late October that her father had sexually abused her. At the time of the removal, the mother was reported to be homeless. T.B. participated in a forensic interview and gave a detailed statement of sexual abuse by her father with her mother's knowledge. The father acknowledged sexually abusing six-year-old T.B., attributing such to his methamphetamine use; however, both he and the mother denied the mother's involvement. The father was criminally charged and remained in custody throughout the life of the termination proceedings, awaiting trial on two counts of sexual abuse in the second degree and one count of incest.[1] The mother was not criminally charged.

Both children were adjudicated to be children in need of assistance pursuant to Iowa Code section 232.2(6)(c)(2) (2018) on January 7, 2019. A dispositional order was also entered on January 7, 2019, with review hearings held April 1, 2019, and July 8, 2019. A permanency hearing was held on October 7,

---

[1] The father consented to termination of his parental rights. He does not appeal.

2019, with a termination hearing and a permanency review hearing held on January 6, 2020. The children have remained out of parental custody since the initial removal. There was not a trial placement at home.

While the mother initially participated in services, her involvement quickly waned. As part of the State's efforts to reunify the children with the mother, the mother was directed to complete a mental-health evaluation and a substance-abuse evaluation, yet she failed to complete either. The mother also failed to complete a psychological evaluation on two separate occasions, despite the offer of transportation to the appointments. She refused to provide her address to the family safety, risk, and permanency (FSRP) provider, stating only that she was "staying with friends." By the time of the termination hearing, the mother had not participated in any visits with her children in over four months.

**Standard of Review**

We review termination-of-parental-rights proceedings de novo. *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016). "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses." *Id.* Our primary consideration is the best interests of the child. *See In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

An order terminating parental rights will be upheld if there is clear and convincing evidence of grounds for termination under Iowa Code section 232.116 (2019). *Id.* Evidence is "clear and convincing" when there are no serious or substantial doubts as to the correctness of the conclusions of law drawn from the evidence. *Id.*

**Statutory Ground for Termination**

The juvenile court terminated the mother's parental rights pursuant to Iowa Code section 232.116(1)(f).[2] The mother does not challenge the statutory ground for termination on appeal; thus, we do not address section 232.116(1)(f) and affirm this statutory ground for termination. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (stating that when a parent does not challenge the existence of statutory grounds, we need not address the issue). Instead, the mother argues the State failed to make reasonable efforts to return the children to the mother's custody and also contends termination is not in the children's best interests. Intermingled in her best interests argument, the mother asserts she should have been granted an additional six months for reunification efforts. We address each argument in turn.

**Reasonable Efforts**

The mother contends termination should not have been ordered because the Iowa Department of Human Services (DHS) failed to make reasonable efforts toward reunification. "The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000)); *see also* Iowa Code § 232.102(7)

---

[2] In order to terminate under Iowa Code section 232.116(1)(f), the court must find that all of the following:
>    (1) The child is four years of age or older.
>    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.
>    (3) The child has been removed from the physical custody of the child's parents for at least twelve of the last eighteen months, or for the last twelve consecutive months and any trial period at home has been less than thirty days.
>    (4) There is clear and convincing evidence that at the present time the child cannot be returned to the custody of the child's parents as provided in section 232.102.

(providing that if custody is transferred to DHS, it "shall make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996). After removal, the State must make reasonable efforts to reunify the family as quickly as possible. Iowa Code § 232.102(7). In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." *Id.*§ 232.102(10)(a)(1).

"[T]he reasonable efforts requirement is not viewed as a strict substantive requirement of termination. *C.B.*, 611 N.W.2d at 493. Instead, it impacts the State's "burden of proving those elements of termination" that "require reasonable efforts." *Id.* The State must show it made reasonable efforts as part of its proof the child cannot be safely returned to the parent's care. *Id.*

Although DHS must make reasonable efforts in furtherance of reunification, with some exceptions not applicable here, parents have a responsibility to object when they claim the nature or extent of services is inadequate. *See id.* at 493–94. A parent's objection to the sufficiency of services should be made "early in the process so appropriate changes can be made." *Id.* "In general, if a parent fails to request other services at the proper time, the parent waives the issue and may not later challenge it at the termination proceeding." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002).

The State argues the mother failed to preserve error on her reasonable-efforts challenge because she failed to raise the issue of reasonable efforts prior to the termination proceeding. The mother claims she preserved error by raising the issue of reasonable efforts at the termination proceeding. After a careful review of the record, we agree with the State that the mother did not raise the reasonable efforts claim prior to the termination hearing. The mother did not challenge any of the reasonable-efforts findings made by the court following the hearings held in this matter and failed to request additional services. Moreover, even if the mother had preserved this issue, the record is replete with instances where DHS offered the mother services that she failed to utilize.

Additionally, on appeal, the mother fails to specify what additional services she believes were necessary to return the children to her custody, stating only that the State's efforts to maintain contact with the mother and provide her with services and visits were not sufficient. As highlighted by the district court, the mother did not participate in a mental-health evaluation, substance-abuse evaluation, court-ordered psychological evaluations, regularly participate in FSRP services, and had not seen the children in over four months at the time of the termination hearing. Consequently, even if the issue was preserved, we find the State made reasonable efforts to return the children to the custody of their mother, despite the mother's lack of participation in the same.

**Best Interests of T.B. and K.B.**

Once a statutory ground for termination exists, the court may terminate parental rights. *P.L.*, 778 N.W.2d at 37. In considering whether to terminate, the court must then apply the best-interests framework established in section

232.116(2). *Id.* This section highlights as primary considerations: "the child's safety"; "the best placement for furthering the long-term nurturing and growth of the child"; and "the physical, mental, and emotional condition and needs of the child." Iowa Code § 232.116(2). "A child's safety and the need for a permanent home are now the primary concerns when determining a child's best interests." *In re J.E.*, 723 N.W.2d 793, 801 (Iowa 2006) (Cady, J., concurring specially). We determine those best interests by looking at both "the child's long-range and immediate interests." *In re C.K.*, 558 N.W.2d 170, 172 (Iowa 1997). We consider "what the future likely holds for the child[ren]" if returned to a parent. *In re J.K.*, 495 N.W.2d 108, 110 (Iowa 1993). We gain insight into that determination from evidence of the parent's past performance, for that performance can indicate the quality of future care the parent is capable of providing. *In re L.L.,* 459 N.W.2d 489, 493–94 (Iowa 1990).

The mother challenges the district court's best-interests finding based on the bond between herself and the children. On our independent review of the record, we, like the juvenile court, find that termination is in the best interests of these two young children. The children are integrated into their current placement's home. The current placement is willing to provide a permanent home for both children. At the time of the termination hearing, the mother's visitation with the children was nonexistent. We agree with the juvenile court's conclusion that T.B.'s and K.B.'s best interests require termination of their mother's parental rights.

**Iowa Code § 232.104(2)(b)**

Intertwined with the mother's best-interests argument, the mother asserts, "There is no reason to believe that allowing her up to another six months will harm

the children." From this statement, we infer the mother contends the juvenile court erred in failing to grant her another six months' time for reunification efforts pursuant to Iowa Code section 232.104(2)(b). This statutory provision allows the juvenile court to "[e]nter an order pursuant to section 232.102 to continue placement of the child for an additional six months at which time the court shall hold a hearing to consider modification of its permanency order." Iowa Code § 232.104(2)(b). "An order entered under this paragraph shall enumerate the specific factors, conditions, or expected behavioral changes which comprise the basis for the determination that the need for removal of the child from the child's home will no longer exist at the end of the additional six-month period." *Id.*; *see also In re H.L.*, No. 14-0708, 2014 WL 3513262, at *3 (Iowa Ct. App. July 16, 2014).

Like the juvenile court, we find that the mother was not any closer to having the children returned to her custody at the time of the termination hearing than when they were removed on November 1, 2018. The record is void of evidence that additional time or additional services could comprise the basis for the determination that the need for removal of the children from the children's home would no longer exist at the end of the additional six-month period. While the mother testified at the termination hearing that she had been working for two weeks and was now living in an apartment in Burlington, she acknowledged that such home was not yet appropriate for the children.

With respect to the request for additional time, the history of this case is telling. At the time of the termination hearing, the mother had yet to complete a mental-health evaluation, substance-abuse evaluation, or psychological evaluation. Given her lack of participation in services, lack of contact with her

children, and the length of time the children have been out of parental custody, we agree with the juvenile court's declination of an additional six months' time.

**Conclusion**

We affirm the juvenile court's order terminating the mother's parental rights under section 232.116(1)(f). The State made reasonable efforts to reunify the children with their mother, an additional six months will not resolve the need for removal from parental care, and termination is in the best interest of T.B. and K.B.

**AFFIRMED.**