In the Interest of M.B. and
S.B., Minor Children,

C.W., Mother, Appellant.

No. 95–1821.

Court of Appeals of Iowa.

July 26, 1996.

Ronald D. Arispe, Clear Lake, for appellant.

Thomas J. Miller, Attorney General, Kathrine S. Miller–Todd, Assistant Attorney General, and Steven D. Tynan, Assistant County Attorney, for appellee State.

Katherine Evans, Public Defender, Mason City, for appellees minor children.

Considered by CADY, P.J., and STREIT and VOGEL, JJ.

CADY, Presiding Judge.

This is a consolidated appeal of a review order in a child in need of assistance proceeding and a subsequent order terminating parental rights. The central claim in both appeals is whether the visitation schedule was too restrictive. On our de novo review, we affirm the juvenile court.

Christina and Jeff are the parents of Matthew, born October 20, 1983; Steven, born January 28, 1985; and Sarah, born August 14, 1990. The children have been the victims of multiple forms and instances of severe abuse perpetrated by both parents. The family has been receiving services since at least 1984. Christina and Jeff's parental rights to Steven were terminated in September 1994, and he is not a subject of this appeal.

In February 1994, the Department of Human Services (DHS) removed Matthew and Sarah from Christina's custody following concerns her boyfriend, John W., was physically and sexually abusing the children. The DHS placed the children in foster care.

In March 1994, Matthew was hospitalized for psychiatric evaluation and treatment. Since that time, Matthew and Sarah have been in separate foster homes, due in part to their unhealthy relationship with each other. Both children have special needs. Matthew has been diagnosed with a conduct disorder and has perpetrated a sexual assault upon a younger boy in one of his three foster homes. Sarah has displayed behavior problems and irascible conduct.

Christina later married John, a person who has undergone numerous hospitalizations due to his mental disorders and bizarre conduct such as injecting himself with fecal matter and self-castration. On April 5, 1994, the juvenile court filed an adjudication and disposition order adjudicating Matthew a child in need of assistance (CINA) pursuant to Iowa Code section 232.2(6)(f) and Sarah a CINA under section 232.2(6)(b), (6)(c), and (6)(d). Christina was granted weekly supervised visitation.

The family, including John but excluding Jeff, participated in an evaluation through the University of Iowa Child Development Clinic. The subsequent report listed fifteen founded abuse reports involving one or more of the children and listed Christina, Jeff, or John as perpetrators. The evaluators recommended, among other things, (1) all visitation between parents and children cease, (2) termination of parental rights, (3) play therapy for Sarah, and (4) possible structured residential placement for Matthew.

Review orders were filed on October 5, 1994, and March 17 and September 20, 1995. The September 20 order continued Christina's weekly one-hour supervised visits.

In October 1995, the juvenile court terminated Christina's parental rights to Matthew and Sarah pursuant to Iowa Code section 232.116(1)(e) and (1)(f). Jeff's parental rights were also terminated. Christina appeals both the September 20 order concerning her visitation and the termination order. Both appeals are consolidated for our review.

**I. Standard of Review**

    Our review of child in need of assistance proceedings and termination proceedings is de novo. *In Interest of J.R.H.*, 358 N.W.2d 311, 317 (Iowa 1984); *In Interest of M.S.*, 519 N.W.2d 398, 399 (Iowa 1994). We

are not bound by the findings of the trial court, but give them weight, especially as to the credibility of witnesses. Iowa R.App. P. 14(f)(7).

## II. Visitation Hearing

Christina first argues the juvenile court erred when it denied her request for extended visitation following her final review hearing prior to termination. She claims the restricted visitation constituted a "de-facto" termination of her parental rights.

■ Visitation between a parent and child is an important ingredient to the goal of reunification. *See In Interest of S.W.,* 469 N.W.2d 278, 280–81 (Iowa App.1991). However, the nature and extent of visitation is always controlled by the best interests of the child. *See In re Augustus,* 158 N.W.2d 625, 629 (Iowa 1968) (best interest standard is the governing consideration in determining temporary custody). This standard may warrant limited parental visitation. *See In Interest of C.G.,* 444 N.W.2d 518, 520 (Iowa App.1989).

■ In this case, several circumstances justified the continued limited visitation. Foremost was that many of the reasons responsible for implementing the visitation scheme were still present at the final hearing. Furthermore, the one-hour supervised visitation schedule had been in place for nearly a year prior to the final review hearing. It had been the subject of prior review hearings, which were not contested by Christina. Thus, we cannot accept Christina's argument the restricted visitation effectively terminated her ability to assert herself as a parent. The continued restricted visitation was a reflection of her poor overall progress in resuming custody of her children. We conclude Christina's request for extended visitation was properly denied.

## III. Reasonable Efforts

■ Christina next argues the State failed to make reasonable efforts to reunite her family due to the limited visitation schedule. She asserts reasonable efforts should have included less restrictive visitation.

■ Reasonable efforts to reunite parent and child are required prior to the termination of parental rights. *In Interest of T.C.,* 522 N.W.2d 106, 108 (Iowa App.1994). *See generally* Iowa Code § 232.102. Generally, the DHS must make reasonable efforts to provide services to eliminate the need for removal. *See* Iowa Code § 232.102(9)(a) (1995). The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal. *Id.*

Visitation, however, cannot be considered in a vacuum. It is only one element in what is often a comprehensive, interdependent approach to reunification. If services directed at removing the risk or danger responsible for a limited visitation scheme have failed its objective, increased visitation would most likely not be in the child's best interests.

In this case, Christina has demonstrated an inability to make those changes in her life essential to proper parenting, including her continued codependency on abusive males. This has caused profound problems for her children. Moreover, no evidence indicated increased visitation would help Christina respond to the various services offered by the DHS and assist her in becoming a better parent. We conclude the visitation arrangement put in place in this case did not cause the department to fall short of its obligation to provide reasonable efforts to reunite parent and child.

## IV. Grounds for Termination

■ Christina finally argues the grounds for termination under section 232.116(1)(e)(4) were not met because the State failed to prove the children cannot be returned. Additionally, she claims the grounds of termination under section 232.116(1)(f)(3) and (4) were not met because the State failed to prove she continued to lack the ability or willingness to respond to corrective services and an additional period of rehabilitation would not correct the situation.

■ Parental visits may be terminated under section 232.116(1)(e)(4) only when the child cannot be returned to the parental home after twelve months because the definition grounds of "child in need of assistance"

still exist. *See In Interest of K.L.C.*, 372 N.W.2d 223, 227 (Iowa 1985). Termination under section 232.116(1)(f) is permitted without waiting a specific period of time following removal when parental rights involving another child in the family have been terminated, the parent continues to lack the ability or willingness to respond to services, and any services to correct the problem would be futile. Both standards focus on the parental response to services. *See In Interest of C.W.*, 522 N.W.2d 113, 116 (Iowa App.1994).

 Christina again argues her parental rights should not be terminated until she has been given increased visitation to permit her to exhibit her skills as a parent. We disagree. These children have waited long enough. An abundance of patience waiting for parents to respond to services can quickly translate into intolerable hardship for the child. *In Interest of R.J.*, 436 N.W.2d 630, 636 (Iowa 1989). Moreover, children should not be placed at risk so their parents can experiment with their parenting skills. *See In Interest of A.C.*, 415 N.W.2d 609, 613 (Iowa 1987). We find clear and convincing evidence to support termination on both grounds.

**AFFIRMED ON BOTH APPEALS.**