**IN THE COURT OF APPEALS OF IOWA**

No. 16-1076
Filed August 31, 2016

**IN THE INTEREST OF R.S.,**
**Minor child,**

**B.S., Mother,**
    Appellant.
_____

    Appeal from the Iowa District Court for Mahaska County, Rose A. Mefford,

District Associate Judge.


    Mother appeals from the order terminating her parental rights.

**AFFIRMED.**


    Ryan J. Mitchell of Orsborn, Milani, Mitchell & Goedken, L.L.P., Ottumwa,

for appellant mother.

    Thomas J. Miller, Attorney General, and Kathryn K. Lang, Assistant

Attorney General, for appellee State.

    Amber L. Thompson, Sigourney, guardian ad litem for minor child.


    Considered by Vogel, P.J., and Vaitheswaran and McDonald, JJ.

**MCDONALD, Judge.**

The mother appeals from an order terminating her parental rights in her sixteen-year-old son pursuant to Iowa Code 232.116(1)(f) (2015). We affirm the order terminating the mother's parental rights.

The mother contends the State failed to prove the ground authorizing the termination of her parental rights and termination is not in the best interest of the child. On de novo review, we conclude the State proved by clear and convincing evidence the grounds authorizing the termination of the mother's parental rights and proved termination is in the best interest of the child. *See* Iowa Code § 232.116(1)–(3); *In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (setting forth standard of review and analytical framework). The family has a long history with the department of human services, including a prior case in which the child was adjudicated in need of assistance following several founded reports of child abuse. The child suffers from mental health conditions, including PTSD. At the time of removal, the child suffered from suicidal ideation. He no longer wishes to have contact with the mother because he suffers mental injury when in her presence. We agree with the district court that the child could not be returned to the mother's custody without being subject to adjudicatory harm: Specifically, the mother is unable to supervise the child because of her own mental health condition, and the child would continue to suffer mental injury as a result of the mother's abuse if he were returned to her care. *See In re J.S.*, No. 16-0125, 2016 WL 1359122, at *5 (Iowa Ct. App. Apr. 6, 2016) (defining mental injury); *In re K.H.*, No. 15-0396, 2015 WL 2394198, at *2 (Iowa Ct. App. May 20, 2015)

(affirming adjudication where children were imminently likely to suffer mental injury).

The mother contends the State failed to make reasonable efforts to reunite the family. As part of its ultimate proof, the State must establish it made reasonable efforts to return the child to the child's home. *See* Iowa Code § 232.102(7) (providing the department of human services must make "every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"); *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). "[T]he reasonable efforts requirement is not viewed as a strict substantive requirement of termination. Instead, the scope of the efforts by the [department of human services] to reunify parent and child after removal impacts the burden of proving those elements of termination which require reunification efforts." *C.B.*, 611 N.W.2d at 493. The child welfare agency must make reasonable efforts to "facilitate reunification while protecting the child from the harm responsible for the removal." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996). The nature of the reasonable-efforts mandate is determined by the circumstances of each case. *See C.B.*, 611 N.W.2d at 493 (discussing scope of mandate).

We conclude the mother's reasonable-efforts challenge fails. First, the mother failed to preserve error on the issue by not requesting different services. *See In re T.M., Jr.*, No. 99-0501, 1999 WL 1136867, at *2 (Iowa Ct. App. Dec. 13, 1999) (holding mother failed to preserve error and stating "[i]t is too late to challenge the service plan at the termination hearing"). Second, the record

4

reflects that the department of human services provided the family with numerous services without success. The social worker testified as follows:

> Q: In one of the paragraphs, [the mother] indicates that she's disheartened that DHS has chosen to seek termination of parental rights without exhausting all resources available. What other resources do you believe you could have provided this family? A. I don't know what other services we could have offered. I believe we worked with [the mother]. Many times she said she was giving up, that she wanted to terminate her rights. She even asked Judge Mefford in a court hearing to have her rights terminated then, so we continued to offer her services. We continued to not allow her to sign over her rights when she wanted to do that on many, many occasions.

We affirm the order terminating the mother's parental rights without further opinion. *See* Iowa Ct. R. 21.26(1)(a), (b), (d), (e).

**AFFIRMED.**