# IN THE COURT OF APPEALS OF IOWA

No. 16-1752
Filed March 8, 2017

**IN THE INTEREST OF A.M., M.H.-M., and G.M.,**
**Minor Children,**

**J.M., Father,**
        Appellant,

**D.H., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Benton County, Russell G. Keast,

District Associate Judge.


        A father and mother appeal separately from the order terminating their

parental rights. **AFFIRMED ON BOTH APPEALS.**


        Raymond P. Lough, Vinton, for appellant father.

        Annette F. Martin, Cedar Rapids, for appellant mother.

        Thomas J. Miller, Attorney General, and Gretchen W. Kraemer and

Janet L. Hoffman (until withdrawal), Assistant Attorneys General, for appellee

State.

        Deborah M. Skelton, Walford, attorney and guardian ad litem for minor

children.


        Considered by Mullins, P.J., and Bower and McDonald, JJ.

**MULLINS, Presiding Judge.**

A father and mother appeal separately from the juvenile court's order terminating their parental rights to their three children. They both argue the State failed to prove by clear and convincing evidence that reasonable efforts had been made to reunify the family. The father also argues the juvenile court should have granted his request for additional time to work toward reunification. Upon our de novo review, we affirm on both appeals.

### I.     Background Facts and Proceedings

The mother and father have three children together: A.M., born in December 2006; M.H.-M., born in March 2012; and G.M., born in July 2013.[1] The family came to the attention of the Iowa Department of Human Services (DHS) in February 2015 due to concerns regarding the mother's substance-abuse and mental-health issues interfering with her ability to care for the children safely. The mother and father were not living together at the time, and the father has never been the children's primary care provider.

Both parents have a lengthy history of substance abuse. The mother has four founded or confirmed child abuse assessments, three of which involved at least one of her children testing positive for illegal drugs when the child was in the mother's care. The mother also has struggled with serious mental-health issues for which she has received treatment for at least sixteen years. There is

---

[1] The mother has two other children. Her parental rights to an older child were terminated in a private termination action several years before this case began. The father of the mother's other child has physical custody of the child, although the mother has joint legal custody and visitation.

also a history of domestic violence between the parents. Additionally, the father has been unable to maintain stable housing.

In late March 2015, the children were removed from the mother's care and placed with their maternal grandmother near where the parents lived. The mother participated in fully supervised visits with the children twice a week. In May, the children were adjudicated children in need of assistance (CINA). Later that month, the maternal grandmother became unable to care for the children, and they were placed with their paternal grandmother, who lived over two hours away. After the children were moved, the mother refused to participate in visitation with the children because she believed it would confuse the children to not return home with her. In late September 2015, the children's paternal grandmother transported the children to the mother's home for a supervised visit. At the end of the visit, the mother refused to let the service provider leave the home with the children and threatened and called the provider names in front of the children. The mother eventually called the police, who convinced the mother to allow the provider and the children to leave.

In November 2015, the mother sent a text message to the children's paternal grandmother asking her to say goodbye to the children for the mother and stating she was "tired of all of this." The grandmother contacted law enforcement to conduct a wellness check on the mother, who was found to have overdosed on prescription medication. The mother admitted she had attempted to commit suicide. Upon examination at the hospital, the mother tested positive for cannabinoids, opiates, amphetamines, and benzodiazepines. She was transferred to the mental health unit of the hospital, diagnosed with

schizoaffective disorder-bipolar type, and placed on anti-psychotic medication. She was later discharged to a residential care facility, which she left in February 2016.  In March 2016, the mother began traveling to the paternal grandmother's home to participate in supervised visits two or three times a month.

The father participated in only one visit at the beginning of the CINA case before refusing to cooperate with DHS or participate in additional services.  DHS was unable to contact or locate the father for several months.  In December 2015, the father contacted DHS and indicated a desire to participate in the case.  Thereafter, he completed a domestic-violence program, a substance-abuse evaluation, and extended outpatient drug treatment.  The father also provided a clean urinalysis.  In April 2016, the father exercised three visits with the children in conjunction with the mother's visits.

The court held a termination hearing on dates in April and July 2016.  In October, the juvenile court entered an order terminating the father's and mother's parental rights pursuant to Iowa Code section 232.116(1)(f) (2016) as to A.M. and M.H.-M. and paragraph (h) as to G.M.

## II.    Standard of Review

We review termination-of-parental-rights proceedings de novo.  *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016).  "We are not bound by the juvenile court's findings of fact, but we do give them weight, especially in assessing the credibility of witnesses."  *Id.* (quoting *In re A.M.*, 843 N.W.2d 100, 110 (Iowa 2014)).  Our primary consideration is the best interests of the child.  *In re J.E.*, 723 N.W.2d 793, 798 (Iowa 2006).

**III.    Analysis**

On appeal, neither parent argues termination is not in the children's best interests, *see* Iowa Code § 232.116(2), or that any exception exists to preclude termination of their parental rights, *see id.* § 232.116(3).  Therefore, these issues are waived.  *See Hyler v. Garner*, 548 N.W.2d 864, 876 (Iowa 1996) ("[W]e will not speculate on the arguments [appellant] might have made and then search for legal authority and comb the record for facts to support such arguments.").  Instead, both parents argue the State failed to prove the statutory grounds for termination by clear and convincing evidence.

Section 232.116(1)(f) provides the court may terminate a parent's parental rights if the State proves by clear and convincing evidence the child (1) is four years of age or older; (2) has been adjudicated CINA; (3) has been removed from the physical custody of the parent for at least twelve of the last eighteen months, or the last twelve consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the parent's custody at the time of the termination hearing.  Under section 232.116(1)(h), the court may terminate parental rights if the court finds the State has proved by clear and convincing evidence the child (1) is three years old or younger; (2) has been adjudicated CINA; (3) has been removed from the physical custody of the parent for at least six of the last twelve months, or the last six consecutive months and any trial period at home has been less than thirty days; and (4) cannot be returned to the custody of the parent at the time of the termination hearing.

The parents do not dispute the State proved the first three elements required under section 232.116(1)(f) and (h): At the time of the termination

hearing, A.M. and M.H.-M. were over the age of four and G.M. was age three or younger; all three children were adjudicated CINA in May 2015; and all children had been removed from the parents' physical custody since March 2015, with no trial periods at home greater than thirty days. Rather, the parents argue DHS failed to make reasonable efforts to reunify the family—that is, the State failed to prove the children could not be returned to their custody at the time of the termination hearing. The father contends DHS failed to assist him with transportation to visits with his children, even though he requested assistance in December 2015 and April 2016. The mother asserts DHS failed to make reasonable efforts when it refused to place the children closer to where she lived.

Under Iowa Code section 232.102(7), the State must make reasonable efforts to reunify the family as quickly as possible after a child has been removed from his or her parents' care and custody. The reasonable-efforts requirement is not, however, viewed as a strict substantive requirement at termination. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). Instead, it impacts the State's burden of proving those elements of termination that require reasonable efforts. *Id.* In determining whether reasonable efforts have been made, the court considers "[t]he type, duration, and intensity of services or support offered or provided to the child and the child's family." Iowa Code § 232.102(10)(a)(1). "[T]he nature and extent of visitation is always controlled by the best interests of the child." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996).

The record shows DHS contracted with a service provider who facilitated weekend visits between the parents and their children and also offered gas cards to the parents for visits. Both parents were offered additional visits with their

children but failed to schedule or participate in them. Further, neither parent requested that the children be placed in another home that was nearer to them so they could exercise their visitation on a more regular basis. In fact, the mother testified at the termination hearing she preferred that the children be placed with their paternal grandmother upon their removal from her care.

The children have made substantial progress in their paternal grandmother's care. While in the mother's care, A.M. was often absent from school and struggling academically; M.H.-M. had a serious vision issue the mother had ignored; and G.M. was far behind in his required vaccinations. The mother had also not addressed G.M.'s diagnosed language and autism disorders. Throughout the case, A.M. has improved in school, and the grandmother has provided for the children's medical needs. The grandmother has also indicated a desire to provide for the children's needs permanently. On our de novo review, we agree with the juvenile court that DHS made reasonable efforts toward reunification in this case.

The father also complains the juvenile court should have granted him an additional six months to work toward reunification with his children. Under Iowa Code section 232.104(2)(b), a court may authorize a six-month extension if it determines "the need for removal of the child[ren] from [their] home will no longer exist at the end of the additional six-month period."

The record shows the father has never cared for the children by himself. Throughout most of the CINA proceedings, he failed to cooperate with DHS and refused to participate in voluntary services. He failed to complete the court-ordered psychological evaluations. He also continued to struggle with stable

housing. At the time of the hearing, the father had not reported to DHS or the court where he was living and his last known residence was at a motel.

We must now view this case with a sense of urgency. *See In re C.B.*, 611 N.W.2d at 495. "It is well-settled law that we cannot deprive a child of permanency after the State has proved a ground for termination under section 232.116(1) by hoping someday a parent will learn to be a parent and be able to provide a stable home for the child." *In re A.B.*, 815 N.W.2d 764, 777 (Iowa 2012) (quoting *In re P.L.*, 778 N.W.2d 33, 41 (Iowa 2010)). "[A]t some point, the rights and needs of the children rise above the rights and needs of the parent." *In re C.S.*, 776 N.W.2d 297, 300 (Iowa Ct. App. 2009).

Based upon our de novo review of the record, we are not persuaded the need for removal would no longer exist at the end of six months. *See* Iowa Code § 232.104(2)(b). We affirm the juvenile court's denial of the father's request for an additional six months.

Accordingly, we affirm the juvenile court's order terminating the father's and mother's parental rights to their three children.

**AFFIRMED ON BOTH APPEALS.**