**IN THE COURT OF APPEALS OF IOWA**

No. 18-0735
Filed June 20, 2018

**IN THE INTEREST OF S.P.,**
**Minor Child,**

**D.P., Mother,**
    Appellant.
_____

Appeal from the Iowa District Court for Butler County, Peter B. Newell, District Associate Judge.

A mother appeals a child-in-need-of-assistance permanency review order. **AFFIRMED.**

David A. Kuehner of Eggert, Erb, Kuehner & DeBower P.L.C., Charles City, for appellant mother.

Thomas J. Miller, Attorney General, and Mary A. Triick, Assistant Attorney General, for appellee State.

Elizabeth A. Batey of Vickers Law Office, Greene, guardian ad litem for minor child.

Considered by Vaitheswaran, P.J., and Potterfield and Tabor, JJ.

**VAITHESWARAN, Presiding Judge.**

A mother with a long history of methamphetamine abuse appeals a child-in-need-of-assistance permanency review order transferring guardianship and custody of her younger child to the relatives with whom he had been living for two years. She contends the department of human services (DHS) failed to make reasonable efforts toward reunification and the district court should have returned the child to her care.

I.      ***Background Facts and Proceedings***

This case was the subject of an appeal from a dispositional order. *See In re S.P.*, No. 16-1919, 2017 WL 108798, at \*1 (Iowa Ct. App. Jan. 11, 2017). We provided a detailed factual narrative in that opinion. *See id.* at \*1-3. In the main, the mother's two children resisted exercising visitation with her. *Id.* at \*2. Given their reluctance to see her, the juvenile court left visitation in the discretion of the department and denied the mother's request for court-ordered visitation. *Id.* at \*3. We held, "The juvenile court improperly allowed the DHS to give the children veto power over an essential reunification service." *Id.* at \*5. We further stated:

> The issue before us is not whether teenagers can be forced to attend a scheduled visitation against their will. Instead, the pending question is whether the DHS satisfied the reasonable-efforts requirement when the case manager took no meaningful steps to set up a visitation plan for these children. The children's preferences do not relieve the DHS of its duty to provide reasonable efforts. We conclude the court erred in finding reasonable efforts were satisfied when the DHS impermissibly delegated the visitation decision to the dependent children. *To establish reasonable efforts, the DHS must either present a definitive plan with the ultimate goal of visitation or make a showing that visitation is not in the children's best interests.*

*Id.* (emphasis added). We reversed the portion of the dispositional order finding the department satisfied its reasonable efforts obligation, and we remanded for further proceedings consistent with the opinion. *Id.*

Following remand, the district court left visits between the mother and children "at the discretion of the [d]epartment" but ordered the department to "continue to work towards supervised visits," "initiate phone calls between the children and their mother," "continue to receive letters from the mother to be provided to the children," and "continue to encourage the children to have visits with their mother." The department scheduled twice weekly visits, forwarded the mother's letters to the younger child, and attempted to persuade him to participate in the visits.[1]

The sixteen-year-old child declined to engage with the mother. The children's therapist opined, "I do not believe that contact with [the mother] would be harmful to [the children]. I do believe however that [the children] are both old enough and mature enough to decide for themselves whether they want to have contact with [the mother], and I strongly believe that their wishes should be respected and take precedence over [the mother]'s wishes."

In a review order, the court considered the therapist's recommendation. The court found the department and service provider "continue to encourage and offer visits and phone calls at every visit made to the home" and "encourage[]" the children "to write letters and participate in family therapy." The court found the department "made reasonable efforts to reunify" the younger child with his mother.

---

[1] The older child turned eighteen, and her case was closed.

Notwithstanding the department's encouragement, the younger child remained recalcitrant. With one exception, he refused to respond to letters sent by his mother, did not call his mother, and refused to participate in scheduled visits. He said he did not want to have anything to do with his mother. In a report to the court requesting an answer to what he would like the judge to know, he wrote, "I'm not moving back with [the mother], so stop trying, it's starting to get annoying."

Four months later, the court entered a permanency review order finding that the younger child "refused every attempt to schedule a visit," "has cancelled every scheduled visit," and "refused to participate in family therapy." The court again concluded the department made reasonable efforts to reunify the child with his mother. The court ordered the department to "continue to work towards supervised visits between [the younger child] and his mother" and stated, "Visits shall continue to be scheduled for [the younger child] at least two times per month." The court further ordered the department to receive and forward letters from the mother and encourage the child to engage in visits. Finally, the court transferred guardianship and custody of the child to the relatives. The mother appealed.[2]

## II.    Reasonable Efforts

"Before initiating an action to terminate parental rights, the State must make reasonable efforts to provide services to a parent whose children have been removed from her care." *Id.* at *1 (citing Iowa Code § 232.102(7), (10)(a) (2016); *In re C.H.*, 652 N.W.2d 144, 147 (Iowa 2002)). "The concept of reasonable efforts broadly includes 'a visitation agreement designed to facilitate reunification while

---

[2] The father is deceased.

protecting the child from the harm responsible for the removal.'" *C.H.*, 652 N.W.2d at 147 (quoting *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996)). "The court may consider the children's opposition to contact with their mother in deciding if visitation is in their best interests." *S.P.*, 2017 WL 108798, at *5 (citing *In re N.B.*, No. 04-1100, 2004 WL 1900007, at *1 (Iowa Ct. App. Aug. 26, 2004) (agreeing it was not in the child's best interest to force visitation with the father)).

The mother acknowledges the department "eventually was ordered by the Court to schedule visits" but argues the department failed in its reasonable efforts mandate because "the minor child was able to veto each and every visit." On our de novo review, we are not persuaded the department could have done more to foster a relationship between mother and child.

The juvenile court ordered the department to schedule and encourage visits. The department did so, to no avail. As the therapist stated, the younger child was old enough to express his wishes and he made those wishes clear to the therapist and to the juvenile court. We conclude the department satisfied its obligation to provide reasonable reunification efforts.

### III. Guardianship

The mother challenges the court's transfer of guardianship to the relatives. She argues she no longer poses a risk to the child.

The department caseworker conceded the mother showed "tremendous progress in maintaining her sobriety." But, as the juvenile court stated at the permanency review hearing, the child retained "some anger issues" based on what the mother had put him through in the past. The court stated, "I don't see how I can simply return him home at this point when he hasn't had visits with you."

We agree.  Despite the department's efforts, the child wanted nothing to do with the mother.  Reunification was not a viable option under these circumstances. A guardianship with the mother's relatives was in the child's best interests.

**AFFIRMED.**