# IN THE COURT OF APPEALS OF IOWA

No. 20-1541
Filed April 14, 2021

IN THE INTEREST OF G.C.,
Minor Child,

J.V., Father,
        Appellant.
_____


Appeal from the Iowa District Court for Polk County, Kimberly Ayotte, District Associate Judge.


A father appeals the district court order terminating his parental rights. **AFFIRMED.**


Eric W. Manning of Manning Law Office, PLLC, Urbandale, for appellant father.

Thomas J. Miller, Attorney General, and Ellen Ramsey-Kacena, Assistant Attorney General, for appellee State.

Mike Bandstra, Des Moines, attorney and guardian ad litem for minor child.


Considered by May, P.J., and Greer and Schumacher, JJ.

**SCHUMACHER, Judge.**

A father appeals the district court order terminating his parental rights. We find termination of the father's rights supported by the evidence, an extension of time for reunification not warranted, and determine none of the permissive exceptions to termination pursuant to Iowa Code section 232.116(3) (2020) should be applied. We reject the father's reasonable-efforts argument. Accordingly, we affirm the decision of the district court.

## I.    Background Facts & Proceedings

J.V., biological father, and T.C., mother, are the parents of G.C., born in 2020.[1] The child was removed from the parents' custody shortly after birth because the mother's parental rights to two other children had been terminated shortly before G.C.'s birth and the mother continued to struggle with substance abuse. In addition, the father's parental rights to another child had been terminated in 2017. The father was incarcerated. The parents' relationship involved incidents of domestic violence. The child was placed with the maternal grandparents, who also had custody of a sibling.

On March 27, 2020, the child was adjudicated a child in need of assistance (CINA), pursuant to Iowa Code section 232.2(6)(c)(2) and (n). The father remained incarcerated throughout the CINA proceedings on charges of willful injury causing bodily injury, assault causing bodily injury, and first-degree harassment. On the issue of visitation, the district court stated:

---

[1] The mother consented to the termination of her parental rights and does not appeal. The child's legal father, E.R., also consented to the termination of his parental rights and does not appeal. Any reference to "the parents" or "the father" is a reference to the biological father.

> [The Iowa Department of Human Services (DHS)] has made reasonable efforts with regards to visitation with [the father]. In-person visits were not in [the child's] best interest given his age, no prior relationship with [the father], the travel distance, and COVID-19 restrictions. DHS sent photos of [the child] to [the father]. The DHS worker provided ongoing communication and updates regarding [the child's] wellbeing. Between July 1, 2020, through Labor Day, no video visits were allowed at [the father's] correctional facility. [The father] was transferred to the Iowa State Penitentiary in September 2020. Video visits are allowed there, but, because [the father] has not signed a release, DHS is unable to speak with the prison staff to set visits up.

On September 8, the State filed a petition seeking termination of the parents' rights. The father testified he could be released from prison soon.[2] The district court noted the father had been sentenced in 2019 with a three-year mandatory minimum sentence, so he would not be released until 2022. As reflected in the transcript from the termination proceedings, the father was extremely argumentative during the two-day hearing.

The juvenile court terminated the father's parental rights under section 232.116(1)(b), (e), (g), and (h). The court found termination was in the child's best interests. The court declined to apply any of the exceptions in section 232.116(3). The father now appeals the termination of his parental rights.

## II.     Standard of Review

Our review of termination proceedings is de novo. *In re A.B.*, 815 N.W.2d 764, 773 (Iowa 2012). The State must prove its allegations for termination by clear and convincing evidence. *In re C.B.*, 611 N.W.2d 489, 492 (Iowa 2000). "'Clear and convincing evidence' means there are no serious or substantial doubts as to

---

[2] The father's argument appears to be related to his ability to post an appeal bond rather than release on parole.

the correctness [of] conclusions of law drawn from the evidence." *Id.* Our primary concern is the best interests of the child. *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014).

### III.  Reasonable Efforts

The father does not raise reasonable efforts as a separate appeal issue. However, a reasonable-efforts claim is enmeshed in the father's arguments concerning the statutory grounds the district court relied on for termination of the father's parental rights. We choose to address the reasonable-efforts assertions separately from the father's delineated appeal issues.

"The State must show reasonable efforts as a part of its ultimate proof the child cannot be safely returned to the care of a parent." *C.B.*, 611 N.W.2d at 493; *see also* Iowa Code § 232.102(7) (providing that if custody is transferred to DHS, it "shall make every reasonable effort to return the child to the child's home as quickly as possible consistent with the best interests of the child"). "The reasonable efforts concept would broadly include a visitation arrangement designed to facilitate reunification while protecting the child from the harm responsible for the removal." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996).

Although DHS must make reasonable efforts in furtherance of reunification, with some exceptions not applicable here, parents have a responsibility to object when they claim the nature or extent of services is inadequate. *See C.B.*, 611 N.W.2d at 493–94. A parent's objection to the sufficiency of services should be made "early in the process so appropriate changes can be made." *Id.* "In general, if a parent fails to request other services at the proper time, the parent waives the

issue and may not later challenge it at the termination proceeding." *In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002).

As part of the father's statutory-grounds argument, the father asserts DHS did not make reasonable efforts as "DHS failed to provide reasonable efforts to facilitate visitation for the father," and the "failure to provide even minimal contact or visitation with the child frustrated the stated goal of reunification with the father." However, the father thwarted the efforts of DHS to assist in reunification efforts. The father refused to sign a release to allow DHS to share and receive information with the facility in which the father was housed, even after such was specifically ordered by the district court at an August 2020 review hearing. G.C.'s guardian ad litem inquired of the status of the release at the termination hearing:

> Q: I just want to confirm, as of today, you have still not signed a release of information for the Department of Human Services with anybody at the facility where you're at. Is that true? A: And it's not going to happen, I've told you this on 3,000—three other times.

The caseworker for DHS further testified that without the release, she could not give the father's prison counselor any information on the case. She added, "If he had signed a release, I would have been able to talk to his counselor about anything pertaining to his case. And I would have been able to coordinate services with him." This same worker added that if he had signed the release she would be able to communicate with providers about services or visitation.

We find efforts made by DHS were thwarted by the father's refusal to sign the necessary releases to allow DHS to communicate with the prison to coordinate services and we reject, to the extent argued, the father's reasonable-efforts argument.

#### IV. Sufficiency of the Evidence

The father claims there is not sufficient evidence in the record to support termination of his parental rights. "We will uphold an order terminating parental rights where there is clear and convincing evidence of the statutory grounds for termination." *In re T.S.*, 868 N.W.2d 425, 434 (Iowa Ct. App. 2015). "When the juvenile court orders termination of parental rights on more than one statutory ground, we need only find grounds to terminate on one of the sections to affirm." *Id.* at 435. We focus on the termination of the father's parental rights under section 232.116(1)(h).[3]

The father does not dispute the first three elements of section 232.116(1)(h)—the child is three or younger, has been adjudicated CINA, and has been removed for at least six months. He asserts the State did not present clear and convincing evidence to show the child could not be returned to his care "at the present time." *See* Iowa Code § 232.116(1)(h)(4). A child cannot be returned "if by doing so the child would be exposed to any harm amounting to a new child in need of assistance adjudication." *In re M.M.*, 483 N.W.2d 812, 814 (Iowa 1992). We consider whether there is clear and convincing evidence to show a child could

---

[3] Section 232.116(1)(h) provides for termination of parental rights if the following elements are met:

    (1) The child is three years of age or younger.

    (2) The child has been adjudicated a child in need of assistance pursuant to section 232.96.

    (3) The child has been removed from the physical custody of the child's parents for at least six months of the last twelve months, or for the last six consecutive months and any trial period at home has been less than thirty days.

    (4) There is clear and convincing evidence that the child cannot be returned to the custody of the child's parents as provided in section 232.102 at the present time.

be returned to a parent's care at the time of the termination hearing. *See In re A.M.*, 843 N.W.2d 100, 111 (Iowa 2014).

The district court found the father could be in prison until 2022, so the child could not be returned to his care at the time of the termination proceeding. *See id.* The court went on to note, "Even if [the father] were to be released today, [the father] would need to establish safe and stable housing, address his history of violence, and specifically address issues of domestic violence." Thus, even aside from the father's incarceration, the child could not be safely placed in the father's care. We find the court properly terminated the father's parental rights under section 232.116(1)(h).

### V.     Extension of Time

The father claims the district court should have granted him a six-month extension to work on reunification with the child. He asserts he was not given sufficient time to demonstrate his parenting skills. He states there is a possibility the child could be returned to his care within a reasonable period of time.

The juvenile court may decide not to terminate parental rights if it finds there is clear and convincing evidence that CINA proceedings should continue and enters an order to extend the time for reunification in accordance with section 232.104(2)(b). Iowa Code § 232.117(5). The court may continue the proceedings for an additional six months if the court finds "the need for removal . . . will no longer exist at the end of the additional six-month period." *Id.;* § 232.104(2)(b). We find there is not clear and convincing evidence in the record to show the child could be returned to the father's care within six months. As noted, the father has taken no steps to address his history of domestic violence. The father's parental

rights to another child were terminated in 2018. At the time of that termination, the father was incarcerated on separate charges. His current incarcerated status with a mandatory minimum provides no confidence that an additional six months would eliminate the need for removal. Continued placement of G.C. for an additional six months is not appropriate because the record lacks evidence that the need for removal would be resolved at the end of the extension. *See In re A.A.G.*, 708 N.W.2d 85, 92 (Iowa 2005); *In re A.D.*, No. 15-1508, 2016 WL 902953, at *2 (Iowa Ct. App. Mar. 9, 2016).

## VI. Exception to Termination

Lastly, the father contends the court should have declined to terminate his parental rights because termination would be detrimental to the child due to the closeness of the parent-child relationship. *See* Iowa Code § 232.116(3)(c). Section 232.116(3) exceptions are permissive, not mandatory. *In re A.R.*, 932 N.W.2d 588, 591 (Iowa Ct. App. 2019). In addition, the burden of establishing a section 232.116(3) exception rests with the parent contesting termination. *See In re A.S.,* 906 N.W.2d 467, 476 (Iowa 2018).

The district court considered the exceptions in section 232.116(3) and determined none of them should be applied in this case. The court stated, "After considering the child's very young age, his placement in the same home since his removal, his need for permanency, and the diminished attachment given the parents' lack of consistent contact, the court finds there are no legal exceptions in Iowa Code Section 232.116(3), which would argue against termination." We find the father has been in jail or in prison throughout the child's life and does not have

a close relationship with the child. The court properly concluded the exceptions to termination should not be applied here.

### VII. Conclusion

On our de novo review, we find the evidence sufficient to support the district court's termination pursuant to Iowa Code section 232.116(1)(h), an extension of time was not warranted, and a permissive exception should not be applied to preclude termination. We also concluded the father thwarted efforts on behalf of DHS and reject any reasonable-efforts arguments. Accordingly, we affirm the decision of the juvenile court.

**AFFIRMED.**