**IN THE COURT OF APPEALS OF IOWA**

No. 25-0119
Filed April 9, 2025

**IN THE INTEREST OF A.T., E.T., and M.T.,**
**Minor Children,**

**T.T., Father,**
         Appellant,

**A.S., Mother,**
         Appellant.
_____

Appeal from the Iowa District Court for Pottawattamie County, Charles D. Fagan, Judge.

A mother and father separately appeal the juvenile court's order terminating their respective parental rights to their children. **AFFIRMED ON BOTH APPEALS.**

Eric A. Checketts of Checketts Law, PLC, Glenwood, for appellant father.

McKinsea Alexander of Alexander Law PLLC, Council Bluffs, for appellant mother.

Brenna Bird, Attorney General, and Natalie Hedberg, Assistant Attorney General, for appellee State.

Sara E. Benson of Meldrum & Benson Law, P.C., Council Bluffs, attorney and guardian ad litem for minor children.

Considered without oral argument by Ahlers, P.J., and Badding and Buller, JJ.

**AHLERS, Presiding Judge.**

A mother, father, and three children (born in 2013, 2018, and 2019) came to the attention of the Iowa Department of Health and Human Services and the juvenile court when allegations arose that the father sexually abused one of the children. The children were removed from the parents' custody and tested for drugs. All three tested positive for methamphetamine and amphetamines. The children were adjudicated as children in need of assistance. After the department provided services to the family for more than a year without either parent making meaningful progress, the State petitioned to terminate the parents' respective parental rights. After a hearing, the juvenile court terminated both parents' rights. The parents separately appeal.

## I. Standard and Process of Review

Orders terminating parental rights are reviewed de novo. *In re Z.K.*, 973 N.W.2d 27, 32 (Iowa 2022). The review follows a three-step process, which requires us to determine: (1) if a statutory ground for termination has been established, (2) whether termination is in the children's best interests, and (3) whether any permissive exception should be applied to preclude termination. *In re A.B.*, 957 N.W.2d 280, 294 (Iowa 2021).

## II. The Father's Appeal

The father contends: (1) the State failed to prove a statutory ground for termination, including because the department failed to make reasonable efforts toward reunification; (2) termination was not in the children's best interests; and

(3) a permissive exception based on the closeness of the parent-child relationships should be applied to avoid termination.[1]  We address each issue separately.

### A.    Statutory Grounds

The juvenile court terminated the father's parental rights on four grounds—specifically the grounds set forth in Iowa Code section 232.116(1)(d), (e), (f), and (*l*) (2024).  When the juvenile court terminates parental rights on multiple grounds, we may affirm based on any ground supported by the record.  *In re A.B.*, 815 N.W.2d 764, 774 (Iowa 2012).  We choose to focus on section 232.116(1)(f), which permits termination when the State proves: (1) a child is four years old or older; (2) the child has been adjudicated in need of assistance; (3) the child has been removed from the physical custody of a parent for at least twelve of the last eighteen months; and (4) the child cannot be returned to the parent's custody at the time of the termination hearing.  *See In re A.S.*, 906 N.W.2d 467, 473 (Iowa 2018) (interpreting the statutory phrase "at the present time" to mean at the time of the termination hearing).

---

[1] The father's petition on appeal makes a passing reference to a claim that he should have been granted additional time to work toward reunification, but he cited no meaningful authority and made no substantive argument in support of this claim.  As a result, we deem the issue waived and will not consider it.  *See* Iowa Rs. App. P. 6.201(1)(d) (requiring petitions on appeal to "substantially comply with rule 6.1401—Form 5"), 6.1401—Form 5 ("[S]tate what findings of fact or conclusions of law the district court made with which you disagree and why, generally referencing a particular part of the record, witnesses' testimony, or exhibits that support your position on appeal: . . . Include supporting legal authority for each issue raised, including authority contrary to appellant's case, if known."); *In re B.D.*, No. 23-0105, 2023 WL 2671958, at *1 (Iowa Ct. App. Mar. 29, 2023) (concluding sprinkled references to issues without properly identifying and developing them waives the issues).

The father challenges only the proof of the fourth element, but in doing so, he argues he will be able to have the children returned to his custody at some future time. This argument concedes that the children could not be returned to his custody at the time of the termination hearing. However, the father also contends that his ability to achieve reunification was hampered by the department's failure to make reasonable efforts toward reunification.

While not a strict substantive requirement for termination, "[t]he State must show reasonable efforts [toward reunification] as part of its ultimate proof that the child[ren] cannot be safely returned to the [custody] of a parent." *In re L.T.*, 924 N.W.2d 521, 527 (Iowa 2019) (first alteration in original). As this implicates the fourth element under section 232.116(1)(f), the father's reasonable-efforts argument is incorporated into his statutory-grounds challenge. But we cannot get to the merits of the father's reasonable-efforts argument because he waived it.

If the father desired to challenge the adequacy of services being provided to him, he was required to raise the challenge to the juvenile court "at the removal, when the case permanency plan is entered, or at later review hearings." *See In re C.H.*, 652 N.W.2d 144, 148 (Iowa 2002). The father points to no place in the record where he timely raised a reasonable-efforts challenge. His failure to raise such claim amounts to waiver. *See id.* And he could not raise concerns about the services provided for the first time at the termination hearing—by then it was too late. *See In re A.A.G.*, 708 N.W.2d 85, 91 (Iowa Ct. App. 2005) (stating the parent has an obligation to demand other, different, or additional services prior to the termination hearing or the issue is considered waived for appeal); *In re E.H.*, No. 21-0467, 2021 WL 2709486, at *2 (Iowa Ct. App. June 30, 2021) (explaining

the rationale behind requiring reasonable-efforts challenges to be made prior to the termination hearing).

Because the father conceded that the children could not return to his custody at the time of the termination hearing and waived his reasonable-efforts argument, we affirm the juvenile court's decision to terminate the father's parental rights under section 232.116(1)(f).

### B.    Best Interests

In assessing the father's contention that termination is not in the children's best interests, we "give primary consideration to the child[ren]'s safety, to the best placement for furthering the long-term nurturing and growth of the child[ren], and to the physical, mental, and emotional condition and needs of the child[ren]." *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010) (quoting Iowa Code § 232.116(2)).  The father asserts termination is not in the children's best interests due to his close bond with the children.  We are not persuaded.

Allegations that the father perpetrated acts of sexual abuse on one of the children led to the children's removal from the father's custody.  It was only after that removal that the parents' drug use was discovered due to all three children testing positive for methamphetamine.  Since removal, the father no-showed thirty-eight out of the forty times he was directed to drug test, and the two times he submitted to testing revealed he was positive for methamphetamine.  He has not engaged in substance-use or mental-health treatment as directed.  He has also not progressed past fully supervised visits.  *See In re L.H.,* 13 N.W.3d 627, 629 (Iowa Ct. App. 2024) ("[The parent] never progressed beyond fully-supervised visits, which also prevented an immediate return of custody.").

It is unsafe for children to be returned to an environment where drug use is present, and the father has yet to demonstrate that he can provide an environment free from such behavior. *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996) ("If services directed at removing the risk or danger responsible for a limited visitation scheme have failed its objective, increased visitation would most likely not be in the child's best interest."). Moreover, the sexual-abuse allegations resulted in a founded assessment against the father. Given his lack of subsequent treatment and accountability, he presents a safety risk to the children. In contrast, the children are safe and stable in the foster home in which they have lived for over a year. Based on our de novo review, we agree with the juvenile court that termination of the father's parental rights is in the children's best interests.

## C. Closeness of Parent-Child Relationships

Our termination statute permits us to deny a petition for termination of parental rights under certain circumstances. Iowa Code § 232.116(3). These exceptions to termination are discretionary, not mandatory, and a parent resisting termination bears the burden of proving the applicability of an exception. *A.S.*, 906 N.W.2d at 475–76.

The father relies on the exception in section 232.116(3)(c), which permits the court to forgo termination when "[t]here is clear and convincing evidence that the termination would be detrimental to the child at the time due to the closeness of the parent-child relationship." The evidence establishes the existence of bonds between the father and the children, but the existence of a bond is not enough. *See In re A.B.*, 956 N.W.2d 162, 169 (Iowa 2021). Instead, the father must prove some detriment to the children due to severance of the bonds. *See id.* The father

has not met that burden, as there is no persuasive evidence of detriment. Our focus must be on whether the children will be disadvantaged by termination and whether that disadvantage overcomes the father's inability to provide for the children's needs. *See In re D.W.*, 791 N.W.2d 703, 709 (Iowa 2010). As the father failed to address the issues that led to the children's continued removal, any disadvantage of termination does not overcome his inability to meet the children's needs.

## III. The Mother's Appeal

The mother contends: (1) the State failed to prove a statutory ground for termination; (2) termination was not in the children's best interests; and (3) a permissive exception based on the closeness of the parent-child relationships should be applied to avoid termination. We address each issue separately.

### A. Statutory Grounds

As it did with the father, the juvenile court terminated the mother's parental rights on the grounds set forth in Iowa Code section 232.116(1)(d), (e), (f), and (*l*). As we did with the father's appeal, we choose to focus on the mother's challenge under paragraph (f). *See A.B.*, 815 N.W.2d at 774 (permitting affirmance on any ground supported by the evidence). The mother challenges only the fourth element—whether the children could be returned to her custody at the time of the termination hearing.

The mother struggled with substance use throughout the entire period of juvenile court involvement. She also ducked testing. Of the thirty-one times she was directed to submit to drug testing, she failed to appear sixteen times. With no persuasive excuse provided for missing all sixteen tests, we presume the tests

would be positive. *See In re R.A.*, No. 21-0746, 2021 WL 4891011, at *1 (Iowa Ct. App. Oct. 20, 2021) (collecting cases noting missed tests are presumed positive for illegal substances). Of the times she did test, she was positive for methamphetamine ten times, including a positive test a little less than one month before the termination hearing. Despite the multiple positive tests, the mother refused to acknowledge methamphetamine use, contending she had been sober for the ten months leading to trial. But she had no explanation for the positive tests.

The mother tried to counter the positive-test evidence with a report from a hair test she had done privately about three months before the hearing. Although that test came back negative, the juvenile court did not "give it much credibility" due to lack of any evidence of the test's validity or randomness. We share the juvenile court's skepticism of the credibility of the test results, especially given the lack of evidence of randomness. But even if we found the test results credible, our concerns of the mother's drug use are not alleviated given her positive test for methamphetamine two months later.

We acknowledge and commend the mother's recent participation in substance-use and mental-health treatment. However, with her repeated no-shows for drug testing, repeated positive tests (including a positive test for methamphetamine one month before the termination hearing), and refusal to acknowledge her methamphetamine use despite the evidence to the contrary, we find clear and convincing evidence the children could not be returned safely to the mother's custody at the time of the termination hearing. *See A.B.*, 815 N.W.2d at 777 (finding a parent's failure to acknowledge illegal drug use despite strong

evidence to the contrary supports termination of parental rights); *see also In re J.P.,* No. 19-1633, 2020 WL 110425, at *2 (Iowa Ct. App. Jan. 9, 2020) (finding methamphetamine use by a parent in itself creates a danger for children and supports the conclusion children could not be returned to the parent's custody). As such, we reject the mother's challenge to the statutory grounds for termination.

### B. Best Interests

The same legal standards we applied to the father's best-interests challenge apply to the mother's, so we will not repeat them. Instead, we proceed directly to the merits of her challenge.

The mother contends termination would not be in the children's best interests because she shares a close bond with them, and she has demonstrated the ability to foster a healthy environment by participating in court-ordered services. We are not persuaded. After more than a year of services, the mother is still not equipped to have the children returned to her custody. Due to multiple no-shows at drug testing and multiple positive tests, the mother has not progressed beyond fully supervised visits. *See L.H.,* 13 N.W.3d at 629 (finding a failure to progress beyond fully supervised visits supports termination of parental rights). And given her continued denial of methamphetamine use despite a recent positive test, return of custody is not likely to occur anytime soon. The children are safe and stable in their foster home, and it is not in their best interests to continue to make them wait and see if the mother can someday tackle her problems. *See In re L.L.,* 459 N.W.2d 489, 495 (Iowa 1990) ("Children simply cannot wait for responsible parenting. Parenting cannot be turned off and on like a spigot. It must be constant, responsible, and reliable."). Following our de novo review, we agree

with the juvenile court that terminating the mother's parental rights is in the children's best interests.

###### C. Closeness of Parent-Child Relationships

The mother contends terminating her rights would be detrimental to the children due to the closeness of her bond with them, so the permissive exception in section 232.116(3)(c) should be applied to forgo termination. Because the legal standards that apply to the mother's claim are the same as those we applied to the father's similar claim in this opinion, we will not repeat them and will proceed to the merits.

The evidence convinces us the mother loves the children, they love her, and she has a bond with each of them. But neither love nor a bond is enough. *See D.W.*, 791 N.W.2d at 709 (noting the consideration when assessing the exception in section 232.116(3)(c) is not a parent's love for the child, but whether the child will be disadvantaged by termination); *A.B.*, 956 N.W.2d at 169 (noting existence of a bond is not enough to avoid termination under section 232.116(3)(c) as the law requires clear and convincing evidence of detriment to the child by terminating rights). The law requires the mother to provide clear and convincing evidence that terminating her rights would be detrimental to the children. *See A.B.*, 956 N.W.2d at 169. The mother has not met her burden of proof, as she presented no persuasive evidence that severing her relationships with the children would be detrimental to them. As a result, like the juvenile court, we decline to apply section 232.116(3)(c)'s permissive exception to termination.

**IV.     Conclusion**

For the foregoing reasons, we affirm the juvenile court's order terminating the mother's and father's respective parental rights.

**AFFIRMED ON BOTH APPEALS.**