# IN THE COURT OF APPEALS OF IOWA

No. 25-0940
Filed September 4, 2025

**IN THE INTEREST OF M.A.,**
**Minor Child,**

**A.A., Mother,**
Appellant.

_____

Appeal from the Iowa District Court for Cedar County, Gary P. Strausser, Judge.

A mother appeals a bridge modification order entered in a child-in-need-of-assistance proceeding. **AFFIRMED.**

Jeannette Keller of Bowman, DePree & Murphy, West Liberty, for appellant mother.

Brenna Bird, Attorney General, and Tamara Knight, Assistant Attorney General, for appellee State.

Mark J. Neary, Iowa City, attorney and guardian ad litem for minor child.

Considered without oral argument by Ahlers, P.J., and Chicchelly and Sandy, JJ.

**CHICCHELLY, Judge.**

A mother appeals a bridge modification order entered in a child-in-need-of-assistance (CINA) proceeding and transferring jurisdiction over custody and care of her child to the district court. She challenges (1) the juvenile court's efforts to reunite her with her child prior to the entry of the bridge modification order and (2) the portion of the order placing the child in the father's physical and sole legal custody, as well as the conditions placed on her visitation with the child. Upon our review, we affirm.

## I.  Background Facts and Proceedings

In early 2024, the Iowa Department of Health and Human Services (HHS) learned that the mother was using methamphetamine in the home she shared with her ten-year-old son, M.A. HHS also became aware that the mother's roommate was selling methamphetamine from the residence. The mother agreed to a safety plan that placed the child in his father's physical care until she completed drug testing, but she soon withdrew from the safety plan and refused drug testing. As a result, the juvenile court removed M.A. from the mother's custody and placed him in the father's physical care subject to HHS supervision. After a hearing in March 2024, the court adjudicated M.A. a CINA.

Throughout the CINA proceedings, the mother has struggled with mental-health and substance-use issues. From January through September, the mother failed to attend drug testing on seven occasions. On five occasions, she tested positive for marijuana, amphetamines, and methamphetamine.

After an October permanency hearing, the juvenile court entered an order finding HHS had made reasonable efforts at reunification and the child remaining

"in the custody of the mother is contrary to the welfare of the child and is not in the child's best interests." The juvenile court changed the permanency goal to placing the child with the father. The parties agreed that the permanency goal was to be accomplished by bridge modification order.

On November 22, 2024, the mother filed notice to the juvenile court that she was withdrawing her agreement to the entry of a bridge modification order and asked the juvenile court to close the CINA case. At a contested hearing, the juvenile court heard testimony from the mother, the father, the HHS worker, and the mother's mental-health caseworker.

After hearings in December 2024 and January 2025, the juvenile court entered a bridge modification order, granting the father sole legal custody and physical care of M.A. The court granted the mother not less than four hours per week of supervised visitation, which would become unsupervised if the mother completed substance-use treatment. The mother now appeals.

## II. Standard of Review

We review CINA proceedings de novo and, in doing so, give weight to the juvenile court's fact findings even though we are not bound by them. *In re D.D.*, 955 N.W.2d 186, 192 (Iowa 2021). Our primary concern is the child's best interests. *Id.*

## III. Reasonable Efforts

We start our review by addressing the mother's challenge to the court's reasonable-efforts finding. In this case's context, reasonable efforts are "the efforts made to . . . eliminate the need for removal of the child or make it possible for the child to safely return to the [mother]'s home." Iowa Code § 232.102A(1)(a) (2024).

The reasonable-efforts mandate requires HHS to make every reasonable effort to return children to the home as soon as possible consistent with the children's best interests. *In re C.B.*, 611 N.W.2d 489, 493 (Iowa 2000). This mandate focuses on services to improve parenting, which includes visitation. *Id.* HHS must evaluate the reasonable efforts it is obligated to provide based on the circumstances of the case. *See In re S.J.*, 620 N.W.2d 522, 525 (Iowa 2000).

The child's guardian ad-litem and the State contest that the mother has preserved error regarding the juvenile court's finding that a bridge modification order was appropriate because the mother did not appeal the permanency order. Regardless, our review of the record shows HHS made reasonable efforts to eliminate the need for removal. The mother has both mental-health and substance-use issues. The mother has made some progress in addressing her mental-health concerns through counseling and medication. Despite this, there have been several incidents throughout this case where visits with M.A. have been cancelled due to the mother being aggressive towards providers. Further, the mother has failed to address her substance-use issues. Throughout this case, the mother has consistently refused drug testing and tested positive on those occasions she complied. Although HHS has offered the mother services to address her substance use and mental health, she consistently refused them or attempted to delay her participation. Based on these circumstances, we agree with the juvenile court's determination that HHS made reasonable efforts toward reunification.

5

**IV. Bridge Modification Order**

We turn next to the mother's challenge to the terms of the bridge modification order. A bridge modification order returns "jurisdiction over the child's custody, physical care, and visitation to the district court" and closes a CINA case when certain criteria have been met. Iowa Code § 232.103A(1). The mother contends the bridge modification order entered in this case (1) erroneously granted the father sole legal and physical care of the child and (2) unduly restricted contact between the mother and child. She does not claim the statutory criteria for the imposition of a bridge have not been met. *See id.* § 232.103B. So, we limit our review to the conditions of the bridge modification order. *See In re B.C.*, No. 24-1069, 2024 WL 4620164, at *2 (Iowa Ct. App. Oct. 30, 2024) (declining to address the statutory conditions for entry of a bridge modification order when no challenge is made to those conditions).

*A. Legal and Physical care*

First, the mother contends the terms of the bridge modification order, which changed the parents' legal relationships with the child from joint legal custody and joint physical care to the father having sole legal custody and physical care, are not in the child's best interests.

Our overriding consideration in determining custody and physical care issues is the child's best interests. *See In re Marriage of Fennelly*, 737 N.W.2d 97, 101 (Iowa 2007); Iowa Code § 598.41(3); *see also In re Marriage of Winter*, 223 N.W.2d 165, 166–67 (Iowa 1974) (setting forth factors guiding the court in addition to those identified in Iowa Code section 598.41(3)).

We agree with the juvenile court's decision to grant the father sole legal custody and physical care of the child. The evidence supporting that decision include the mother's failure to adequately address her substance use and her inability to recognize the detrimental effect that her methamphetamine use has on her child. *See* Iowa Code § 598.41(3)(a) (outlining best interests of the child include "[w]hether each parent would be a suitable custodian for the child"). Further, the father has provided a stable and safe home for the child. Changing the custodial arrangement would be psychologically and emotionally harmful to the child. *See id.* § 598.41(3)(b).

After taking into consideration all relevant circumstances, we agree with the juvenile court that the CINA proceedings could safely close by entering a bridge modification order. The only impediment to closure of the CINA proceedings is the mother's instability. The negative impact of that instability was curbed by the terms of the bridge modification order. As a result, we also agree that it is in the child's best interests to give the father sole legal custody and  physical care of the child.

B. *Visitation*

Second, the mother argues that the terms of the bridge modification order unnecessarily restrict her time with the child. The bridge modification order granted the mother "not less than [four] hours per week" of supervised visitation. The parents mutually agreed on the supervisors for the mother's visits. Further, the court granted the mother progressive visitation, allowing unsupervised visits if the mother completed substance-use treatment. "[T]he nature and extent of visitation is always controlled by the best interests of the child." *In re M.B.*, 553 N.W.2d 343, 345 (Iowa Ct. App. 1996).

We find that M.A.'s best interests are served by the visitation arrangement established by the juvenile court. There are concerns about the child's safety and well-being if visits with the mother are unsupervised. The mother argues she should be granted additional unsupervised visits after two months of clean drug testing. But we share the concerns the juvenile court expressed about the mother's continued unaddressed substance-use issues. *See In re S.R.*, 600 N.W.2d 63, 65 (Iowa Ct. App. 1999). If the mother completes substance-use treatment, she will be granted unsupervised visitation. Given the mother's history of substance use and her evasion of drug testing during the pendency of this case, we agree with the juvenile court that it is in the child's best interests to require that the mother complete substance-use treatment before she is allowed unsupervised visitation.

## V. Disposition

We affirm the issuance of a bridge modification order granting the father sole legal custody and physical care, as well as the visitation restrictions imposed by the juvenile court.

**AFFIRMED.**